STATE OF MISSOURI, TO USE OF WORTH COUNTY, Appellant, *v.* JOHN PATTON *et al.*, Respondents.

1. *Pleading — Averments.* — Where enough appears in the body of the petition to show the object of the suit and the real party for whose use and benefit it was prosecuted, it substantially complies with the rules of pleading (Gen. Stat. 1865, p. 658, § 3) as recognized by the former decisions of this court.
2. *Pleading — Title.* — The want of a proper statement of the parties in the caption of the petition is not fatal when it is supplied in the body of the pleading by a substantial averment showing the capacity of the plaintiff to sue and recover upon the cause of action.

*Appeal from Worth Circuit Court.*

Plaintiff's petition was as follows: "The State, to the use of Worth county, against John Patton, John A. Fanning, F. M. Bowlin, James E. Cadle, Laban G. Janes, Daniel Cox, Elias G. Weigart, and Eli Smith. In the Circuit Court for Worth county, April term, 1866. Now comes the plaintiff, by her attorney, who prosecutes this cause in the name and relation of the State

of Missouri to the use of Worth county, and for this her second amended petition states : That John Patton, on the 28th day of March, A. D. 1861, was sheriff of Worth county, in the State of Missouri, and *ex-officio* collector of the revenue of said county ; and that the said John Patton, as collector of the revenue of said county of Worth, on the 28th day of March, A. D. 1861, executed his official bond as said collector to the said State of Missouri."

The petition then recites the substance of the bond, and proceeds as follows : " Plaintiff further states that said Patton, as collector for the county of Worth, received the tax-books for the year 1862, for said county of Worth, and was charged with the amount of $1,549.57 taxes thereon ; and that said Patton, as collector of the revenue of said county, between the 28th day of March, 1861, and May the 1st, 1862, collected on said tax-book the State and county revenue of said county, to the amount of $337.36, as shown by a settlement with the County Court of said county, by his deputy, F. M. Bowlin, at the June term of said court, 1862 ; also, the sum of $70 collected on dramshop licenses, and —— dollars on merchants' licenses, said sums not in said settlement, amounting in all to the sum of $407.36 collected of the State and county revenue on said tax-book more than he, the said John Patton, collector as aforesaid, has paid over to said State and county or otherwise accounted for ; and that the said Patton, as collector of said county, has wholly failed to punctually pay over or account for the sum of $407.36 revenue collected by him and now due the plaintiff, according to the obligations of his said bond as said collector, by reason whereof said plaintiff says she is damaged to the amount of five hundred dollars ; wherefore plaintiff prays judgment, etc."

*Asper & Collins*, for appellant.

I. The second and third points in the demurrer raise the objection that the form of the suit, as to parties, is not sufficient, because it does not state that the suit is brought " at the relation and for the use of Worth county." This is stated in the body of the petition, and is sufficient. (Harney v. Dutcher, 15 Mo. 91 ; Duncan v. Duncan, 19 Mo. 369 ; Myers v. Christy, 21 Mo. 112 ;

Gen. Stat. 1865, p 605, § 15.) The caption of the suit is immaterial, provided the parties are properly stated in the body of the petition. (Beattie v. Lett, 28 Mo. 596.) If it appears in the petition who the relator or beneficiary is, it is sufficient. (State to use of Young v. Ilesselmeyer, 34 Mo. 76; State to use of J. D. Tapley's Adm'r v. Matson, 38 Mo. 489; State to use of Dehaven *et al*. v. Davis, 35 Mo. 406.) The character in which plaintiff sues is traversable — made so in this case. (1 Smith's Pr. 367.)

II. All that part of the petition which relates to State revenue could have been stricken out on motion, but cannot be reached on general demurrer. It must be regarded as mere surplusage. (Garner v. H. & St. Jo. R.R. Co., 34 Mo. 235; 1 Van Sand. Pl. 174, 366, 369, 371; 1 Chit. Pl. 229; 1 Smith's Pr. 365–6.) A demurrer is proper only when an entire pleading is defective; here a good breach is assigned, and therefore it is no ground of demurrer. (2 Sandf. 702; 6 How. Pr. 365; Peabody v. Washington Ins. Co., 20 Barb. 342; 17 How. Pr. 57; Butler v. Wood, 10 How. Pr. 222; State to use, etc., v. Cameron, 12 Mo. 378; State to use, etc., v. Davis, 35 Mo. 406.)

*Ensworth*, for respondents.

I. The defendant is charged with collections on tax-book for 1862, between the 28th of March, 1861, and 1st of May, 1862. Sess. Acts of 1860–61, title "Revenue," p. 69, §§ 42, 47, show that the tax-book of 1862 could not come into the collector's hands until May 1st, 1862, and the tax for that year could not have been levied at the time stated in the petition.

II. The petition does not show what State it is that sues. The averment in the body of the petition, that it is the State of Missouri, is not in compliance with the statute regulating practice in courts. § 3 Gen. Stat. 1865, chap. 165, p. 658, says: The title must of itself show the parties. If judgment had been rendered upon the petition for plaintiff, it could not be sustained, although the court might overrule the demurrer. (27 Mo. 167; 30 Mo. 142, 144.)

FAGG, Judge, delivered the opinion of the court.

This suit was instituted in the Circuit Court of Worth county, against the respondents, upon the official bond of John Patton, collector of that county, for a failure to pay over certain moneys collected by him, and which belonged to the county as a part of its revenue. The cause was determined in the Circuit Court upon a demurrer to the petition, and thence taken by appeal to the Fifth District Court, where the judgment was affirmed, and it now comes here by appeal.

Passing over any question that might arise upon the form of the judgment rendered by the Circuit Court, we proceed to consider directly the points raised by the demurrer.

Three causes of demurrer are assigned. 1. That the facts set out did not constitute a cause of action; and the other two being substantially the same, and referring to the form of the suit by alleging that there was a defect of parties. The petition, after setting out the bond, proceeds to charge the collector Patton with the collection of a certain amount of money belonging both to the State and county revenue, between the dates of March 28, 1861, and the 1st day of May, 1862, "as shown by a settlement with the County Court of said county" at the June term following. Now, evidently the material part of this allegation is that so much of the revenue with which he ought to be charged for that year had actually been received by him before the date of his settlement, and the discrepancy between the dates stated and the time fixed by law for the delivery of the books to him is a matter of no great consequence. The substantial part of the averment is that this amount of money was in his hands, as shown by his own settlement. The further averments in the petition show that this amount, together with others received upon different accounts, made up a sum of $407.16, which he had wholly failed to pay over or account for in the manner required by law, and that the said sum was then due the plaintiff. This certainly is the statement of a cause of action. It is admitted that so much of the statement as referred to revenue belonging to the State was improperly incorporated in the petition. Enough appears in the

body of it to show the object of the suit, as well as the real party for whose use and benefit it was prosecuted. This is a substantial compliance with the rules of pleading as recognized by the former decisions of this court. (State v. Matson, 38 Mo. 489.) There is much in the petition that ought to have been treated as mere surplusage, but the proper steps were not taken to reach such an objection. The want of a proper statement of the parties in the caption of the petition is not fatal where it is supplied in the body of the pleading by a substantial averment showing the capacity of the plaintiff to sue and recover upon the cause of action stated. (See authorities above cited.)

The judgment of the District Court will therefore be reversed and the cause remanded to the Circuit Court of Worth county for further trial. Judge Wagner concurs.