## FINK v. EHRMAN BROS.

1. MORTGAGE: *Of merchandise retained by mortgagor.*

Where possession of mortgaged merchandise is retained by the mortgagor or his agent, and sales continue and stock is replenished as before the mortgage, this is evidence of fraud as against attaching creditors, and conclusive if not explained; but there is no objection to the mortgagee in good faith retaining the salesman of the mortgagor for his own.

2. SAME: *Trustee is liable for sales of agent.*

The trustee in a trust mortgage is liable for the proceeds of sales made by his agent, and they will be credited on the mortgage debt whether he receives them or not.

APPEAL from *Phillips* Circuit Court.
Hon. M. T. SANDERS Circuit Judge.

*Stephenson & Trieber* for appellant.

The evidence shows that the appellant, immediately after the delivery of the trust deed, took possession and remained continually in possession until after the attachment. The employment of the mortgagor's clerk, or even the mortgagor himself, by the trustee, is not inconsistent with his possession, so that he accounts to the mortgagee for the proceeds, and has them applied to the extinguish-

Fink v. Ehrman Bros.

ment of the mortgage debt. *1 Dill., 462; 24 N. Y., 359; 28 Ib., 360; 32 Ib., 293; 91 Ib., 214; Bump Fraud. Conv., p. 128; 2 Tenn. Ch., 746.*

The verdict is not only against the weight of evidence, but wholly unwarranted by it, and in such a case this court will reverse. *37 Ark., 413.*

## ·STATEMENT.

Ehrman Bros. sued Longinetti before a justice of the peace, by attachment, which was levied upon the contents of a saloon. Isadore Fink interpleaded, claiming the property by virtue of a deed of trust executed to him by Longinetti, to secure a debt to Henry Fink. Upon appeal in the Circuit Court the verdict and judgment were against the interpleader, and he appealed to this court. No question was raised as to the fairness of the deed of trust upon its face. Its provisions and the evidence at the trial are stated in the opinion.

## OPINION.

COCKRILL, C. J. The mortgage assailed by the attaching creditors was regularly acknowledged and recorded, and contains no provision which renders it void as a legal conclusion. Upon its face it is valid. The effort was to show by extrinsic evidence that it was a fraudulent device. It authorized the trustee to take immediate possession of the mortgaged stock, and sell it at retail to pay the secured debt. In point of fact there was no ostensible. change of possession. The business was carried on by the agent of the mortgagor after the execution of the mortgage, just as it had been before. Goods were sold and the stock replenished in the usual way. This was evidence of fraud

1. MORTGAGE: Of merchandise retained by mortgagor.

as against the attaching creditors, and if unexplained it would be conclusive. *Martin v. Ogden, 41 Ark., 186; Lund v. Fletcher, 39 Ib., 325.*

To rebut this presumption the interpleader, who was the trustee under the mortgage, proved that on the day the instrument was executed he went to the mortgagor's saloon and informed the bartender, who was conducting the business, of the execution of the mortgage, and told him he must *account* to him for the proceeds of sales of the mortgaged stock. It is not shown that the bartender made any reply to this demand, but subsequently he turned over the proceeds of sales to the trustee. The trustee's place of business was near the saloon, and he was there occasionally to see how the saloon business went on. It is argued from this that the bartender was converted into the agent of the trustee. If such a change had been effected in good faith the presumption of fraud arising from the supposed possession of the mortgagor would have been overcome. There is no legal objection to the salesman of the mortgagor becoming the salesman of the mortgagee, even when the person who thus swaps masters is at the time standing in the place of the mortgagor. In such case, however, the mortgagee should manifest entire good faith in constituting him his agent to continue the business. An arrangement of this sort is regarded with the same suspicion that would follow the selection of the mortgagor for that purpose. Such an arrangement may not be infected with fraud in any sense. *Martin v. Ogden, supra; Bracket v. Harvey, 91 N. Y., 214; Pierce Mort. Merchandise, sections 137, 140.* But it may be merely colorable and devised only to protect the mortgagor's property against the pursuit of other creditors. Whether it was fair or fraudulent in a

given case is a fact to be determined by the jury from the surrounding circumstances.

In this case it is not clear from the testimony of the salesman whether he regarded the mortgagor or the trustee as his principal when the attachment was sued out. There is confusion and obscurity in his statements on that point. No formal surrender of possession was made to the trustee by him. His instructions from the mortgagor, after the execution of the mortgage, were to continue the business as usual in his absence, and deposit the proceeds in bank or with Henry Fink. Henry Fink was the beneficiary of the mortgage, but the instruction did not go to paying anything on his debt, and it was optional with the agent at which place he should deposit the proceeds under the mortgagor's instructions. If he continued to act under these instructions without regard to the demand made upon him by the trustee until the attachment was levied, he was not the trustee's agent, and the trustee would not have been accountable for his acts. If he was his agent, the trustee was chargeable with the proceeds of all sales made by him, whether actually received or not. It would then have been all the same to the other creditors whether the agent paid the proceeds to the trustee, or to the mortgagor, or misappropriated them. In either case the value of the goods sold would have gone as a credit on the mortgage debt. This is the reason given for permitting the mortgagor, or one who represented him, to remain in possession and sell for the benefit of the mortgagee. *Bracket v. Harvey, sup.; Overman v. Quick, 8 Biss., 134.*

2. Same: Trustee liable for sales of agent.

If it was optional with the agent conducting the business to pay the money to the mortgage creditor, or deposit it in bank to the mortgagor's credit, he might have paid it to the mortgagor himself without, of course, making the trustee chargeable. This would in effect have

been possession, and a sale by the mortgagor for his own benefit, and a fraud upon his creditors.

The inference and deductions to be made from the facts in proof were matters for the jury. It was for them to determine whether the person in possession held for the mortgagor or the trustee, and if they found that he held for the latter, whether the possession was *bona fide* or only colorable.

The full scope of all the questions presented was submitted to them under unobjectionable instructions from the court, and they found against the mortgage. Let the judgment be affirmed.