THE STATE OF NEBRASKA, EX REL. JOHN W. THOMAS, v. FRANK P. McCUTCHEON.

Criminal Law : COMPLAINT BY OFFICER : SECURITY FOR COSTS. Section 287 of the Criminal Code, which authorizes magistrates to require a complainant, in a prosecution for a misdemeanor, to become liable and give security for costs, has no reference to prosecutions instituted by prosecuting officers when acting in the discharge of a duty imposed upon them by law ; and in such case, when a complaint is presented to a police judge of a city by the marshal, it is the duty of the police judge to issue his warrant, and in case of a refusal, mandamus will lie to compel action.

ORIGINAL application for mandamus.

*Bell & Sornberger* and *Good & Good,* for relator.

*J. R. Gilkerson,* for respondent.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus to the respondent, the police judge of the city of Wahoo, requiring him to issue a warrant of arrest in a criminal proceeding for the violation of a city ordinance.

There being no answer to the petition for the writ, the fact therein alleged must be taken as true; and from this petition it appears that relator is the marshal of said city, and that by the ordinances thereof it is made his duty to complain against and prosecute all persons violating the city ordinances. In obedience to this law he presented to respondent a complaint in writing, charging one Joseph Ledvina with the unlawful sale of intoxicating liquors, and requested the issuance of a warrant for his apprehension. Respondent refused to take action in the matter unless relator would become responsible for the costs in

the case and would furnish security therefor, This refusal being persisted in, the writ of mandamus is sought to compel action.

Respondent seeks to justify his refusal under the provisions of section 287 of the criminal code. This action provides that "when the offense charged is a misdemeanor, the magistrate, before issuing the warrant, may, at his discretion, require the complainant to acknowledge himself responsible for costs in case the complaint shall be dismissed, which acknowledgment of security for costs shall be entered on the docket, and the magistrate on dismissal may, if in his opinion the complaint was without probable cause, enter a judgment against such complainant for costs made thereon. And in case said magistrate shall deem such complainant wholly irresponsible, such magistrate may, in his discretion, refuse to issue any warrant unless the complainant procure some responsible security, to the satisfaction of such magistrate, for said costs in case of such dismissal; and said security shall acknowledge himself so bound, and the magistrate shall enter it on his docket."

The question here presented is, does this section include cases like the one referred to in this case, where the making of the complaint is an official duty specially imposed by law? We think not. A fundamental rule for the construction of statutes is to consider the mischief and the remedy, and construe the statute with reference thereto. The mischief to be corrected is the filing of complaints by private individuals without sufficient cause and from improper motives, and by this means occupying the time of the officers and witnesses when the interests of the community will not be subserved nor the law vindicated, and without any one being responsible for the costs created by the prosecution. The remedy is to require such complainants to pay the costs. But no presumption can arise that an officer acting under oath and in the discharge of official duty, will institute such proceedings. True, his prosecutions may

20

fail, but it cannot be said, as matter of law, nor by virtue of any judicial discretion, that his prosecutions are without probable cause.

Again, the highest considerations of public policy would require such a construction to be given to the section under consideration as would exempt public officers from its provisions.

In *The State, ex rel., v. Cumings,* 17 Neb., 311, a mandamus was issued to compel the marshal of the city of Omaha to enter complaint against liquor sellers because it was made his special duty, by ordinance, to do so. It would be an anomaly indeed to say that the police judge, by the exercise of a "discretion" could, by the course pursued in this case, effectually block the wheels of justice and render city ordinances nugatory in requiring officers of as high rank as himself to secure costs. Such a course, if sanctioned by law and persisted in by police magistrates, would drive out of office every conscientious marshal and policeman in the state, for no one would or could undertake to enforce the law and at the same time guarantee the payment of all costs made by his prosecutions. If the contention of respondent is the correct rule, it would not stop with police officers. The same "discretion" could be made available in cases of prosecuting attorneys in the discharge of their duties. It would seem that the mere statement of the proposition would furnish its own refutation. Such a construction of the law would be unreasonable.

We are of the unanimous opinion that the section above quoted can have no application to a prosecution instituted by a prosecuting officer when acting in the line of official duty.

Section twenty-two of chapter fourteen, Compiled Statutes, 1886, provides that " The police judge shall have exclusive jurisdiction to hear and determine all offenses against the ordinances of the city, and jurisdiction concur-

rent with that which is or may be conferred upon justices of the peace, of misdemeanors under the laws of the state arising within the limits of the city," etc.

Section twenty-three provides that "whenever complaint shall be made to the police judge on oath or affirmation of any person that an offense has been committed, of which the police judge has jurisdiction, said judge shall forthwith issue his warrant for the arrest of the offender," etc.

It is therefore the duty of respondent to issue the warrant demanded, and the writ requiring such action is allowed.

WRIT AWARDED.

THE other judges concur.