## COLLINS V. LIGHTLE.

1. FRAUDULENT CONVEYANCE : *Mortgagor of goods retaining possession.*

A merchant embarrassed by his debts, mortgaged his stock and store fixtures to one of his creditors, to secure a debt of $752.76 which he owed to the creditor, and the sum of $347.24 which it was expected the creditor would advance for him. The property thus conveyed was of the value of $2,145.00 and the mortgage was executed upon the advice of the mortgagee. The testimony showed that by an understanding with the mortgagee, the mortgagor remained in possession and was proceeding to carry on the business by selling goods in the course of trade, when the stock and fixtures were attached by the plaintiff. *Held :* That the evidence was sufficient to support the finding of the trial court that the mortgage was fraudulent as against the plaintiff.

2. PLEADING AND PRACTICE : *Parties to complaint.*

Where a name clearly appears in the body of a complaint, as that of a party plaintiff, it is not essential that it should also appear in the caption.

3. SAME : *Parties improperly joined.*

Objection that a party is improperly joined as plaintiff cannot be made for the first time on appeal.

7

APPEAL from *White* Circuit Court.
M. T. SANDERS, Judge.

### STATEMENT.

The defendant, J. J. Ward, doing business as a druggist, in Searcy, under the firm name of J. J. Ward & Bro., to secure a debt of $762.76 which he owed the Collins Bros. Drug Company of St. Louis, Mo., executed a mortgage on his stock and fixtures for $1,100 which was recorded on the 1st of March, 1886. The amount for which the mortgage was taken in excess of the debt was intended to cover advances the Collins Bros. Drug Company expected to make for defendant, or to pay off certain other creditors of Ward. The mortgage provided that, upon the default of payment within twenty days the mortgagee should take possession of the mortgaged property, and proceed to sell it, either at public or private sale. But it appeared from the testimony of both parties to the mortgage that it was not the intention to foreclose upon non-payment of the debt, but that the defendant should remain in possession, carry on the business, (by selling and disposing of the goods in the course of trade which defendant did), and work out his own financial relief, unless creditors interfered and demanded their debts, when the mortgagee was to take possession and foreclose, and not before or otherwise. John H. Hicks guardian of the minor heirs of B. F. Lightle, deceased, held two promissory notes against defendant; one over due for $399.99 less a credit of $100, the other for $366.66, due at a future day, both payable to the plaintiffs, W. H. & John E. Lightle and indorsed by them to the plaintiff Hicks. The matured note not being paid by defendant Ward, he was called on by W. H. Lightle, one of the plaintiffs, who, with his brother, had endorsed the notes. Defendant said he could not pay the note, but

might get assistance from his merchants, the Collins Bros. Drug Company, but would have to give them a mortgage on his stock. Plaintiff, W. H. Lightle, testified that he thereupon told defendant that he did not think that that would stand, as they (he and his brother) would lose the debt, and that Ward promised not to give a mortgage without letting them know. Learning, on March 3rd, of the execution, of a mortgage, as above recited, to the Collins Bros. Drug Company, without having been informed by defendant, plaintiff sued out an attachment, attacking the mortgage as fraudulent and void. W. H. Collins, as president of the Collins Bros. Drug Company, interpleaded, claiming the property under the mortgage, and defendant, J. J. Ward, traversed the attachment. A trial was had without the intervention of a jury, and the evidence disclosed that the mortgage had been executed upon the advice of the mortgagee; that defendant was financially embarrassed, and owed other St. Louis creditors between $350 and $400, and owed $500 or $600 to parties in Memphis and other places, outside the debt of the attaching creditors, which defendant testified, was assumed by the interpleader, and included in the mortgage. The invoice value of defendant's stock and store fixtures, was $2,145. The interpleader testified that it was expected that with his assistance defendant would be able to pay all his creditors, and that witness believed that by taking charge of Ward's business he would be able to make it pay all the creditors, but that by bringing the attachment plaintiffs had prevented it; that he had no intention of delaying or defrauding Ward's creditors, and no knowledge of any such intention on the part of Ward. The court found the mortgage fraudulent, and rendered judgment against the interpleader, who moved for a new trial, and appealed.

Collins v. Lightle.

On appeal some question was made as to a defect of parties plaintiff. The original complaint and affidavit were entitled and commence as follows:

"White Circuit Court."

W. H. Lightle and
John E. Lightle,                           } Plaintiffs.
    Use of John T. Hicks, Guardian,

        vs.

J. J. Ward, and                            } Defendants.
G. W. Ward,

"The plaintiff, John T. Hicks, states for cause of action, etc. And the amended affidavit commences: "On this day comes John T. Hicks, in behalf of plaintiffs, and as guardain of the minor heirs of B. F. Lightle, deceased, and states," etc.

All the pleadings showed Hicks as guardian to be one of the plaintiffs, and no objection was raised as to the joinder of parties below.

*U. M. & G. B. Rose and W. R. Coody,* for appellant.

1. The suit should have been brought in the name of Hicks the payee and holder of the notes. The real party in interest must bring the suit. The sureties had no right to bring suit. *Brandt on Sur. and Guar.*

2. Contend that under the circumstances of this case, the mortgage was not in fraud of creditors, simply because the mortgagor remained in possession, as the representative of the mortgagee until an agent could be appointed to supersede. Whether this was fraudulent or not was a question for the jury, not a conclusion of law. See 41 *Ark.* 187; 7 *Id.* 275; 10 *Id.* 224; 18 *Id.* 134; 23 *Id.* 128; 24 *N. Y.* 359; 32 *N. Y.* 293; 28 *N. Y.* 360; 22 *Hun.* 369; 6 *Hun.* 231; 3 *Hand.* 204; 20 *Ohio*

Collins v. Lightle.

*St.* 110; 45 *Wisc.* 665; 3 *Wisc.* 221; 58 *N. H.* 260; 57. *Mo.* 404; 70 *Id.* 217; 1 *Dillon, C. C.* 462; 22 *Kans.* 127; 22 *Ill.* 377; 88 *Ill.* 58.

*J. W. House,* for appellee.

1.  Hicks is shown to be a party plaintiff by all the pleadings, but if not it is too late to raise the objection now.  A defect of parties is waived by going to trial without objection.   30 *Ark.* 390; *Mansf. Dig.* 5028, 5031.

2.  A mortgage of a stock of merchandise, left in the possession of a mortgagor, with power to sell in the ordinary course of buisuess, is void as to attaching creditors.   16 *Ohio* 547; 21 *Minn.* 187; 6 *Minn.* 305; 19 *N. Y.* 123; 13 *Wisc.* 629; 76 *Ill.* 479; 28 *Mo.* 547; 27 *Mo.* 269; 51 *N. H.* 269; 51 *N. H.* 192; 34 *Mo.* 432; 1 *E. D. Smith,* 445; 17 *N. H.* 298; 31 *Mo.* 453; *Herman on Ch. Mort.* 234-5; 39 *Ark.* 325; 2 *Tenn. chy.* 746; 46 *Ark.* 122; 44 *Ark.* 310.

OPINION.

COCKRILL, C. J.   In view of the principles announced in *Fink v. Ehrman Bros.,* 44 *Ark.* 310, and *Gauss Sons v. Doyle & Co.,* 46 *Id.* 122, we cannot say that the circuit judge who heard the evidence and tried the issue, was not warranted in sustaining the attachment.   The question was one of fact, and upon the authority of those cases, the courts conclusion may be easily justified.

There is no evidence in the record to sustain the contention that the plaintiffs in the attachment induced Ward to execute the mortgage.

Hicks appears clearly and unequivocally as plaintiff in the body of the complaint.  It is immaterial that his name does not appear in the caption.  If others, who were sup-

posed to be interested in the notes sued on with him, were improperly joined as plaintiffs, the objection should have been made in proper time in the trial court. In no event did it concern the interpleader, Collins. *Sannoner v. Jacobson,* 47 *Ark.,* 31.

Affirm.