## RICHLAND DRUG CO. v. MOORMAN.

Trespasser — Landlord and Tenant — Magistrate. — Mandamus should not issue to compel a magistrate to issue his warrant of ejectment against an alleged trespasser at expiration of five days after service of notice to quit, under Code of 1902, 2972, when the party in possession appears within the five days, and informs magistrate that he claims the title to the premises, and asks for a hearing of the issues, but offers no bond, there having been no *prima facie* showing by plaintiff that he was the owner of the premises, and that defendant was a trespasser.

Before J. A. McCollough, special Judge, Richland, 1904. Reversed.

Petition by Richland Drug Company for mandamus against Robert Moorman as magistrate. From Circuit order granting writ, the respondent appeals.

*Mr. J. Q. Marshall,* for appellant, cites: 48 S. C., 183; 10 S. C., 303; 24 S. C., 519; 34 S. C., 107.

*Messrs W. Boyd Evans* and *L. D. Melton,* contra, cite: 24 S. C., 507; 60 S. C., 504.

March 23, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an appeal from an order granting a mandamus to compel a magistrate to issue his warrant of ejectment, against an alleged trespasser, as provided in section 2972, Civil Code.   Mandamus will only lie against a public officer to enforce a plain ministerial duty required by law, as distinguished from a duty involving discretion in its exercise.   *Lord* v. *Bates,* 48 S. C., 109, 26 S. E., 213.   With respect to a judicial officer, while mandamus may be used to compel him to move, proceed, take action in the performance of a duty under the law, it cannot be used to interfere with the Court's power and discretion to decide in a particular way or to direct a court what it shall do in matters submitted to it for decision.   *State* v. *Morris,* 67 S. C., 167, 26 S. E., 213.   The question, then, is whether it was the plain, peremptory, ministerial duty of Magistrate Robert Moorman, under the law and facts in this case, to issue the warrant of ejectment which the Circuit Court has commanded him to do.

It appears that on the 26th day of September, 1903, on the application of the Richland Drug Company, Magistrate Moorman caused a notice to be served upon Green Washington to quit the premises described in the notice, proceeding under sec. 2972 providing for summary ejectment of trespassers.   The notice to quit fixed no time for a hearing; but in response thereto, on the next day after its service, Green Washington, with his attorney, J. Q. Marshall, appeared before the magistrate and submitted evidence of his title—a deed of the premises, which the magistrate did not then examine, as the same deed had been exhibited to the magistrate in a summary ejectment proceeding involving the same premises begun three days previously by F. D. Kendall against Green Washington, but it had been discontinued.   At his appearance, Green Washington requested of the magistrate that a day be appointed upon which he

could make good his claim to the premises; and upon request of Washington's counsel, the magistrate agreed to set a day for the hearing. The magistrate saw the attorneys for the relator and asked them to fix a day for said hearing, whereupon they asserted that the proceeding was summary, and that unless Green Washington gave a bond the duty of the magistrate was limited to ejecting him from the property. The magistrate conceiving that Green Washington had rights as well as the Richland Drug Company and that the matter required investigation and consideration, declined to summarily eject without hearing. The proceeding is still pending before the magistrate, uninvestigated and undetermined judicially, owing to the failure of relator's attorneys to agree upon a day for that purpose, and the magistrate stands ready to proceed with the hearing and determination of the matter according to the rights of the parties, whenever relator shall agree upon the time for the hearing. These are substantially the facts as shown by the magistrate's return to the rule to show cause, issued upon the petition of the Richland Drug Company, filed November 6th, 1903, for a mandamus to compel the magistrate to issue his warrant of ejectment.

The statute on the subject is as follows, Code 1902, 2972: "If any person shall have gone into or shall hereafter go into possession of any lands or tenements of another without his consent or without warrant of law, it shall be lawful for the owner of the land so trespassed upon to apply to any magistrate to serve notice on such trespasser to quit the premises; and if after the expiration of five days from the personal service of such notice such trespasser refuses or neglects to quit, it shall then be the duty of such magistrate to issue his warrant to any sheriff or constable, requiring him forthwith to eject such trespasser, using such force as may be necessary: *Provided, however,* That if the person in possession shall, before the expiration of the said five days, appear before such magistrate and satisfy him that

he has a *bona fide* color of claim to the possession of such premises, and enter into bond to the person claiming the land, with good and sufficient surety, to be approved by the magistrate, conditioned for the payment of all such costs and expenses as the person claiming to be the owner of the lands may incur in the successful establishment of his claim by any of the modes of proceeding now provided by law, the said magistrate shall not issue his warrant as aforesaid."

This statute was designed to give the real owner of land an expeditious method of ejecting trespassers, but it was not intended to give a mere claimant of land any advantage over one in rightful possession. The plaintiff claiming right of summary ejectment must bring himself within the statute by at least making before the magistrate a *prima facie* showing that he is the owner of the premises and that defendant is a trespasser. The mere statement of his claim in the notice is not sufficient if the defendant appears and challenges the claim, but he must make such proof as should satisfy the magistrate that the case is one falling within the statute. This, it appears, the relator has so far declined or failed to do. The duty of the magistrate to issue his warrant of ejectment does not arise until *after* the expiration of five days from service of notice to quit, and upon its appearing that the defendant, being a trespasser, refuses or neglects to quit after such notice. The statute has no application when it appears clearly that the party in possession is the owner or in rightful possession and for that reason refuses to quit, and the summary proceedings should be dismissed and the claimant left to the ordinary remedy for recovery of possession of land.

The Circuit Court held, "That the alleged trespasser must not only, within five days, satisfy the magistrate that he has a *bona fide* color of claim to the possession of the premises, but must also enter into a bond to the person claiming the premises, with good and sufficient surety, as provided in section 2972, *supra*. The statute contemplates

that after the alleged trespasser has complied with these conditions, the person claiming possession of the premises should be relegated to his action of law, in which action the question of trespass should be determined.  It, therefore, appearing from the magistrate's return that more than five days had elapsed since the institution of the proceedings before him and that the alleged trespasser within that time had failed to enter into the bond required by sec. 2972, *supra,* he should have issued his warrant as required therein."

We do not think this is a correct view of the statute. The proviso of the section quoted has no application to the owner or tenant in rightful possession but to a trespasser who, nevertheless, has a *bona fide* color of claim to the possession, and the statute gives the latter the privilege within five days of making such showing and executing the bond which shall operate to prevent the issuing of the warrant. But it does not follow from this that it is the imperative duty of a magistrate to issue his warrant of ejectment *in all cases* where the party in possession fails within five days to satisfy him that he has a *bona fide* color of claim and to execute the bond.   If the defendant in possession does not see fit to avail himself of the privilege of executing the bond within five days after notice to quit, and thereby preventing the warrant of ejectment, but should appear and demand a hearing as to whether the case is one falling within the statute, it is the duty of the magistrate to accord such hearing. and it would then be encumbent on plaintiff to show at least *prima facie* that he is owner of the premises and that defendant is a trespasser, otherwise we see very little use or meaning in the provisions of sec. 2974, which is as follows : "Either party to these proceedings shall have the right to appeal.   The magistrate shall not issue his warrant until the expiration of five days after he announces his decision, and in the meantime the defendant may apply for an injunction, as in other cases, restraining the execution of such

warrant pending the determination of his appeal by the Circuit Court." This shows that the magistrate cannot issue his warrant of ejectment until after he has made his decision on the question presented, and that the party in possession has the right of appeal from such decision. Under this view of the law and the undisputed facts, the application for mandamus should have been refused.

The judgment of the Circuit Court is reversed and the petition dismissed.