STATE EX REL. EVA C. FANSHER ET AL., RELATORS, v. JULES E. GUINOTTE ET AL., RESPONDENTS.—58 S. W. (2d) 1005.

Kansas City Court of Appeals.    April 3, 1933.

*Carlin P. Smith* and *Jerome Walsh* for relators.

*Walsh & Parker* and *Lowell L. Knipmeyer* for respondents.

BLAND, J.—This is a proceeding in *mandamus*. Upon the filing of the petition for the writ we issued an alternative writ, to which respondents have made their return. Relatrices have filed a motion for judgment on the pleadings. This motion admits as true all of the facts well pleaded in the return. [18 R. C. L., pp. 346, 350, 351.]

The facts show that on the 8th day of November, 1932, one Mary A. Alexander, a widow, died testate while a resident of Kansas City, leaving surviving her, a daughter, Mae Fryer, a resident of the state of California, and two granddaughters (daughters of a deceased daughter) to-wit: relatrix, Eva C. Fansher, a resident of Kansas City, and relatrix, Marjorie Parr, a resident of the state of California.

The will of deceased, which was duly probated in the Probate Court of Jackson County, at Kansas City, directed that her estate be distributed according to law, and provided for the appointment as executor one W. S. Webb, who, after the execution of the will, predeceased the testator. There was no provision for a substitute executor. Four persons filed their separate applications in the probate court, each one seeking to be appointed sole administrator of her estate with the will annexed. These four persons consisted of Eva C. Fansher, Marjorie Parr, relatrices herein, Fred W. Klaber and the Missouri Savings Bank and Trust Company. All of these applications were filed prior to the expiration of thirty days after the death of deceased. Mae Fryer filed an objection, in writing, to the appointment of Eva C. Fansher as administratrix. The application of Marjorie Parr and the Missouri Savings Bank and Trust Company was rejected by the court and the respondent, Duvall Strother, acting as special judge of the probate court, appointed Eva C. Fansher and Fred W. Klaber coadministrators. The appointment of Fred W. Klaber was made over the objection of relatrices.

Marjorie Parr, in the application for the writ of *mandamus*, states that she waives any right that she may have to act as administratrix

of the estate and joins in asking that a writ be granted against respondents, requiring them to recognize the priority of her sister, Eva C. Fansher, to serve as sole administratrix.

The return to the writ alleges that Eva C. Fansher is not a suitable and competent person to act as "sole administratrix" of said estate. The return also denies that the special judge appointed Fred W. Klaber as one of the administrators of the estate, over the objection of relatrices, "contrary to law and through arbitrary and illegal use of the forms of law within the period of thirty-five days after the decease of said Mary A. Alexander," and alleges that Fred W. Klaber was appointed coadministrator for the reason that Mae Fryer filed in the probate court her written objections to the appointment of Eva C. Fansher as administratrix and requested said Klaber's appointment and because after hearing all of the evidence the court came to the judicial conclusion that the interest of the estate would be best served by his appointment as such. The return further alleges that no demand has been made by the relatrices upon the respondents for the revocation of the letters of administration granted to Fred W. Klaber; that relatrices had neglected to avail themselves of "other legal and adequate remedies which are available and provided by law;" that the petition for the writ does not contain facts sufficient to authorize the issuance of a writ of *mandamus*.

In their brief the respondents claim that the appointment of Fred W. Klaber as joint administrator was made in the exercise of a judicial discretion on the part of the special judge. While we do not understand respondents to contend that Eva C. Fansher was not entitled, under the statute, to be appointed *an* administratrix, they do claim that she had no absolute right to serve as *sole* administratrix; that the judge in the exercise of a judicial discretion concluded that she was not a competent and suitable person to act, *solely*. The words of the respondents in this connection are as follows:

"The court felt that in its opinion Eva C. Fansher was not competent and suitable to be the *sole* administratrix, and that it was necessary to join with her a coadministrator to protect the interest of the estate; so rather than depriving Miss Fansher of any legal rights, the probate court was considerate of her interest in the estate and permitted her to serve as coadministratrix when she might well have been disqualified from serving at all." (Italics ours.)

The statute, section 7, Revised Statutes 1929, provides that letters shall be granted "first, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation shall believe will best manage and preserve the estate; *Provided,* however, if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other person than those above mentioned may be appointed." Section 8 provides: "If

no such person shall apply for letters within thirty days after the death of deceased the court . . . may issue citation to him or them . . . to appear and qualify for administration, . . . and if the person or persons so cited fail to administer within the time appointed, letters may be granted to any person whom the court . . . may deem most suitable."

Section 9 provides:

"Letters testamentary and of administration may at any time be granted to any person deemed suitable, if the person or persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof be made that no such persons reside in this State."

Section 10 provides that letters of administration shall not be granted to a nonresident.

Section 11 provides: That if the person or persons appointed in the will to act as executors "refuse to act or be disqualified" letters of administration shall be granted to the person to whom administration would have been granted if there had been no will.

Since the executor named in the will pre-deceased deceased and since Eva C. Fansher was the only person entitled to participate in the distribution of the estate, who was a resident of this State, she, under the provisions of sections 7 and 11 of the statute, had the absolute right to be appointed sole administratrix of the estate (State ex rel. v. Romjue, 136 Mo. App. 650, 657), unless the judge should believe that she was not a competent and suitable person for that purpose.

The rights of a particular person to administer upon an estate of a decedent are matters which are entirely regulated by statute and the court has no discretion whatever in reference to the matter, except that which is expressly given thereby. [State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Guinotte, 113 Mo. App. 399; State ex rel. v. Collier, 62 Mo. App. 38; Hollingsworth v. Jeffries, 121 Mo. App. 660, 667; In re Allen's Estate, 271 S. W. 755; Linder v. Burns, 243 S. W. 361; In re Wilson's Estate, 16 S. W. (2d) 737.] The only discretion given by the statute that the respondent, special judge, had in reference to the matter was in passing upon the question as to whether Eva C. Fansher was a competent and suitable person to serve as administratrix.

We find nothing in the statute authorizing the judge to appoint a coadministrator where the person or persons given priority by the statute are found by him to be not competent and suitable persons, but on the other hand, section 7 expressly provides that if such a person or persons are found not to be competent and suitable some other person may be appointed *in their stead,* not that he or they should be appointed together with someone else. As before stated, the statute must be strictly followed in making appointments of this kind.

The statute, substantially in express language forbids the appointment, even as coadministrator, of a person who is not competent and suitable to act as administrator in any capacity, and it would seem that this would be the logical method to pursue, as, if one is not a competent and suitable person to serve alone, he is not competent and suitable to serve with another. It is only where none of the persons given priority in section 7 is competent and suitable that the court may appoint a stranger and, Fred W. Klaber, the coadministrator, appointed in this case, falls within the last mentioned class. If the court had decided that Eva C. Fansher was not a competent and suitable person for the position, it would have been its duty to reject her entirely. Her appointment as coadministratrix shows that the court decided that she was a competent and suitable person to serve. [Williams v. Williams, 24 D. C. App. 214, 216.]

The right to administer upon an estate is a valuable one and one that cannot be denied to the person given priority without his consent. As was well stated in the case of Peters v. The Public Administrator, 1 Bradford's Reports, 200, 207: "Such a thing has never been heard of, as the court forcing upon a party entitled, a joint administration against his consent." [See also Williams v. Williams, supra; McGooch v. McGooch, 4 Mass. 348; Lethridge v. Lander, 13 Wyo. 9.]

We have examined the case of Shrum v. Naugle (Ind.), 53 N. E. 243, cited by respondents, and find that in that case the statute provided that if the person designated by it assented another could be appointed as coadministrator. We have no such statute in this State, nor did Eva C. Fansher consent to the appointment of a coadministrator as did the person having priority in the Shrum case. However, in the course of the opinion in that case the court recognized, generally, the impropriety of appointing any one as joint administrator whom the court found was incompetent to serve as sole administrator and held that even where the person entitled to the appointment assented to a coadministrator it was still discretionary with the court to appoint him and upheld the lower court in refusing to so appoint.

When a person is entitled to serve as administrator the appointment of another as joint administrator, in effect, withdraws that right to a degree for the other, in many instances in the course of the administration of the estate, could practically veto the action of the party entitled to serve. This was commented on in the Williams case, supra, l. c. 217, when the court said:

"As said by the court in the case of Bell v. Timiswood, just referred to: 'The court never forces a joint administration, and for an obvious reason—because it is necessary for the administrators to join in every act there might be a complete contrariety of action, and

it would be in the power of one of them to defeat the whole administration.' "

As before stated, the appointment of Eva C. Fansher as coadministrator was a judicial determination, on the part of the special judge, that she was a competent and suitable person to serve. It, therefore, follows from what we have said that he had no discretion except to appoint her as sole administratrix and that the appointment of Fred W. Klaber as coadministrator is absolutely void.

It is claimed that as the alternative writ asks that Fred W. Klaber be removed as coadministrator, as well as asking that relatrix, Eva C. Fansher, be recognized as sole administratrix, she is not entitled to the relief sought, for the reason that there was no demands upon either of the respondents to revoke the letters granted to Fred W. Klaber. In support of their contention respondents quote the following from State ex rel. The Star Publishing Co. v. The Associated Press, 159 Mo. 410, 421:

"It is fundamental in the law of *mandamus*, that it is indispensable to granting the writ, that a prior express and specific demand be made of respondent of that which relator seeks, and that a refusal of such a demand occur before relator has any standing in court, or his application for the writ contains any ground for relief."

Eva C. Fansher, before any appointment was made, filed her application to be appointed sole administratrix. The appointment of Fred W. Klaber, along with her, was, in effect, a refusal of the court of her demand. Under such circumstances, she had the right to apply to this court for a writ of mandamus. [Flick v. Schenk, 212 Mo. 275; State ex rel. v. Nortoni, 269 Mo. 563; State ex rel. v. Holtcamp, 267 Mo. 412; State ex rel. v. Martin, 223 Mo. App. 1176.]

Should we order the respondents to appoint Eva C. Fansher as sole administratrix, it would be necessary for them, without further order from us, to revoke the appointment of Fred W. Klaber. Therefore, it was unnecessary for her to have demanded that the letters granted to Fred W. Klaber be revoked, but merely that she be appointed as sole administratrix. This, in effect, is what she is really attempting to have accomplished, that is, be appointed sole administratrix. The other acts necessary to her appointment as sole administratrix required to be done by respondents follow, as a matter of course. In other words, the requirement in the alternative writ that Klaber's appointment be revoked is substantially included in the original request to the effect that she be appointed sole administratrix and, in this sense, the request that his appointment be revoked would be superfluous. Consequently, we are of the opinion that there has been no violation of the rule that a prior express and specific demand must be made upon respondents before *mandamus* is resorted to.

It is claimed that relatrix, Eva C. Fansher, has an adequate remedy

at law by appeal; that she should have requested the probate court to revoke Klaber's appointment and should this have been denied she could have appealed. There are many cases holding that *mandamus* is a proper remedy to secure the revocation of letters that have been granted to another and the granting of letters to the relator. [State v. Holtcamp, supra; State ex rel. v. Romjue, supra; Hollingsworth v. Jeffries, supra; State ex rel. v. Reddish, 148 Mo. App. 715; Flick v. Schenk, supra.] This, in effect, is what she is attempting in this case. She is asking that her paramount right to administer upon the estate be recognized.

From what we have said the peremptory writ in *mandamus* should be issued, and it is so ordered. All concur.