[1] Reported in 299 N.W. 2.
Two cases. One is an appeal from an order of the district court sustaining respondent's demurrer to the "petition" for an alternative writ of mandamus The other is an original proceeding commenced in this court after the appeal was perfected to show cause why a writ of prohibition should not issue to restrain respondent from hearing the matters involved in the mandamus proceedings.
The mandamus proceedings were instituted in the district court to compel respondent as judge of probate of Jackson county by order to fix the time and place of hearing on the petition of appellant *Page 511 
for probate of the will of Maria Stenzel, deceased, that notice thereof might be given pursuant to statute.
The petition and alternative writ allege that Maria Stenzel died testate on July 23, 1940; that appellant is her son; that on July 29, 1940, he filed her will in the probate court and a petition to have it admitted to probate; that on said date and again on July 31, 1940, he requested respondent as judge of probate by order to fix the time and place of hearing on the petition that notice thereof might be given pursuant to statute; and that respondent failed and neglected to comply with such request.
Respondent demurred to the petition (he should have demurred to the petition and alternative writ, see State ex rel. McGill v. Cook, 119 Minn. 407, 138 N.W. 432, Ann. Cas. 1914B, 88) on the grounds (1) that the petition does not state facts sufficient to constitute a cause of action, and (2) that there is a defect in the title of said petition in that it does not state the name of the relator and the name of the respondent. The demurrer was signed by respondent's attorney as "attorney for respondent." The district court sustained the demurrer. In the memorandum attached to the order the court below stated that there was a defect of parties — that there was neither a relator nor a respondent.
It appears from the proceedings for the writ of prohibition that appellant was named in the will as the executor and a beneficiary; that after the mandamus proceedings were commenced the probate court on September 3, 1940, made an order that the petition for the probate of the will be heard on September 24, 1940, together with a petition for administration, which had been filed on July 24, 1940, the day after decedent's death, by her two sons, John and Clem C. Stenzel. Notice by publication and mailing had been given of the hearing on the petition for administration pursuant to order of the court. In lieu of such notice of hearing on the petition for probate of the will, the court ordered that notice of hearing "be given to all of the known legatees and devisees of said decedent by mailed notice as required by law." It did not order *Page 512 
that notice of the hearing on the petition to admit the will to probate be given pursuant to the statute.
After the appeal had been perfected the probate court proceeded with matters relating to the Maria Stenzel estate. On December 30, 1940, without notice to appellant, John Stenzel was appointed special administrator on the petition of his brother Clem, notwithstanding the fact that appellant was named as executor of the will. Meanwhile the hearing on the petitions for letters of administration and the probate of the will had been continued to February 4, 1941, for hearing. Objections had been filed to the appointment of appellant as executor. He appeared at the hearing on February 4 and objected to the proceedings relating to the will upon the ground that the statutory notice of hearing had not been given. His objections were overruled. Then he obtained from this court the order to show cause why a writ of prohibition should not issue to restrain the probate judge from taking any further proceedings relating to the probate of the will until the statutory notice of hearing had been given.
1. The defects in the title in the mandamus proceedings were of no consequence, much less grounds for demurrer. 2 Mason Minn. St. 1927, § 9729, provides that the pleadings in mandamus
shall be the alternative writ, answer, and demurrer. Id. § 9285, provides that the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party. Id. § 9243, reads: "A notice or other paper shall be effectual though the title of the action be omitted, or it be otherwise defective as to the designation of the court or the parties, if it intelligibly refers to the action or proceeding."
The alternative writ was entitled[2] "Writ of Mandamus" and was directed to respondent. The petition properly addressed to the district court was entitled "Petition for Writ of Mandamus," and *Page 513 
the supporting affidavit was entitled "Affidavit in Petition for Writ of Mandamus." In both appellant referred to himself as the petitioner. In substance, the petition conformed to all the requirements of a petition for an alternative writ. Respondent clearly understood the import of the proceedings, for, although he was not designated as respondent in the pleadings, he alleged in the demurrer that the title was defective in that it did not "state the name of the relator or the name of the respondent"; and then signed the demurrer and appeared as "respondent." The defective title was of no consequence since the body of the pleadings clearly disclosed who was relator and who was respondent. The allegations in the body of the complaint control the caption, although the latter is to be considered. Sievert v. Selvig, 175 Minn. 597, 222 N.W. 281. Respondent expressly recognized that he was the respondent, and there is no doubt that he understood that appellant was the relator. It was the duty of the court to disregard the defects under the circumstances in virtue of the clear direction of the statute.
Our statutes embody the liberal rule of pleading that formal defects should be disregarded. The rule is remedial and is aimed at the pitfalls of the older rules of extreme technicality in pleading. It is immaterial in mandamus as in other cases that the caption is defective and that the parties are not formally named and designated therein. Collins v. Lightle, 50 Ark. 97, 6 S.W. 596; Smith v. Watson, 28 Iowa, 218; State v. Patton, 42 Mo. 530; 49 C. J., Pleading, p. 130, note 65. In Fleming v. Hartrick, 100 W. Va. 714, 131 S.E. 558, the omission from the caption of the name of the court was held to be immaterial. Under the older rule it was improper to designate the parties as relator and respondent in the petition, since they could not be such until the alternative writ was allowed. Irregularities in the title in pleadings inmandamus have generally been held immaterial under the general rule. 38 C. J., Mandamus, p. 861, § 574, and notes. *Page 514 
2. The Minnesota probate code provides separate and distinct proceedings for the probate of wills under 3 Mason Minn. St. 1940 Supp. §§ 8992-51 to 8992-60 (Art. V), and for general administration in cases of intestacy under §§ 8992-68 to 8992-73 (Art. VIII). While § 8992-53, relating to the probate of wills, provides that if the instrument is not allowed as the will the court shall grant administration to the person or persons entitled thereto, there is no similar provision in the article relating to administration authorizing in a proceeding for letters of general administration the probate of a will and the granting of letters testamentary. Section 8992-71 of that article quite clearly shows that the probate of a will is quite separate from administration proceedings and can be had only in the proceeding authorized by statute for the probate of wills. It provides that if after the appointment of a general administrator a will is admitted to probate, the powers of such administrator shall cease, and he shall proceed to a final accounting according to law, and the new representative shall continue the administration. The statutory predecessor of § 8992-71 was construed in Stackhouse v. Berryhill, 47 Minn. 20,49 N.W. 392, where we held that it was not requisite to the probate of a will that prior proceedings in administration either pending or completed be first revoked, set aside, or vacated. There we held that, although the language of the statute was that administration shall be revoked if a will is allowed after the granting of letters, the intention was that the subsequent probate of the will shall revoke and in all things supersede the administration. Likewise, it would seem logically to follow that if the will is offered for probate during the pendency of the petition for letters of administration the matter of the probate of the will shall be first disposed of, and if the will is admitted to probate no letters of administration can or should be granted. It would be a useless and idle procedure to grant letters of administration where it is apparent that the same must be revoked by the probate of a will. Section 8992-71 condenses the prior statute (2 Mason Minn. St. 1927, *Page 515 
§ 8775) so as to effect only one change, viz., that of definitely stating that the new representative shall continue the administration. Explanation of Proposed Probate Code, S. F. No. 310 (1935 Sess.) p. 5.
Where statutes authorize a procedure for the probate of wills, a will cannot be probated in proceedings for administration. A will can be admitted to probate only in proceedings for that purpose and by giving the notice required by the statutes under which the same are taken. In re Taggart's Estate, 16 N.Y. S. 514, 1 Pow. Surr. 8; In re Estate of Christensen, 135 Cal. 674, 68 P. 112; 68 C. J., Wills, p. 875, §§ 599, 600. The probate court had no right to determine questions relating to the probate of the will in the proceedings for administration.
No will is effectual to pass either real or personal property"unless duly admitted to probate." Id. § 8992-50. The general rule is that a will not duly admitted to probate is ineffectual not only as an instrument of title, but as authority of the executor to execute it. 68 C. J., Wills, pp. 876-877, § 601.
While the probate court acquired jurisdiction of the decedent's estate by the filing of the petitions, it was still bound to proceed in the manner prescribed by statute. The applicable statutes are 3 Mason Minn. St. 1940 Supp. § 8992-71, which provides for the termination of an administrator's authority upon the admission of a will to probate and that the representative acting under the will shall continue the administration; § 8992-53, which provides that upon the filing of a petition for the probate of a will the court shall fix the time and place of hearing thereof, notice of which shall be given pursuant to § 8992-188, which reads:
"Whenever notice of hearing is required by any provision of this act by reference to this section, such notice shall be given once a week for three consecutive weeks in a legal newspaper designated by the petitioner in the county wherein the proceedings are pending; or if no such designation be made, in any legal newspaper in such county; or if the city or village of the decedent's residence is situated in more than one county, in any legal newspaper in such *Page 516 
city or village. The first publication shall be had within two weeks after the date of the order fixing the time and place for the hearing.
"At least fourteen days prior to the date fixed for the hearing, the petitioner, his attorney, or agent, shall mail a copy of the notice to each heir, devisee, and legatee whose name and address are known to him; and if the decedent was born in any foreign country, or left heirs, devisees, or legatees in any foreign country, to the consul or representative referred to in Section 68, or if there be none, to the chief diplomatic representative of such country at Washington, D.C., or to the secretary of state at St. Paul, Minnesota, who shall forward the same to such representative.
"Proof of such publication and mailing shall be filed before the hearing. No defect in any notice, nor in the publication or service thereof, shall invalidate any proceedings."
The provisions with respect to giving notice are couched in mandatory language. The word "shall" occurs twice in the pertinent portion of § 8992-53 and no less than six times in § 8992-188. Notice by mail, which formerly was only a requirement by rule, is required under § 8992-188 to make the giving of such notices mandatory. In the Explanation of Proposed Probate Code, S. F. No. 310 (1935 Sess.) p. 16, it is stated that the purpose of the requirement is to make the mailing of notice "obligatory," thus showing that the legislature so regarded the provisions requiring publication thereof.
The statutory mode of procedure should be strictly observed by the probate court. Notice of probate proceedings wherever required should be given in the manner prescribed by the statute. Monaghan's Succession, 2 McG. (La.) 35; State ex rel. Fansher v. Guinotte, 227 Mo. App. 902, 58 S.W.2d 1005. In Monaghan's Succession, supra, it was held that a court had no right to proceed without notice where notice was required by statute, since "no judge can exercise his discretion independent of the forms and requisites of the law." *Page 517 
While the failure to give the notice required by statute does not affect the jurisdiction of the probate court, it does affect the regularity of the proceedings so as to render them "voidable and subject to be set aside on motion or appeal." Hanson v. Nygaard, 105 Minn. 30, 117 N.W. 235,127 A.S.R. 523.
A party has the right to have proceedings which he commences conducted in strict conformity to the requirements of statute regulating such proceedings. That right is nothing more nor less than the avoidance of irregularity and invalidity so far as it lies within the power of the party. In this the party should be encouraged, and to that end judicial effort should be exerted. There is simply no excuse for a court to proceed in a manner other than the law directs as against the objection of a party who insists on proceeding according to its provisions. Such a course impregnates the proceedings at their inception with error. Sound judicial administration requires that such irregularities should be averted wherever possible.
Mandamus lies to compel the issuance of the proper citation for one who has applied for letters of administration or the probate of a will. Ex parte Carnochan, T. U. P. Charlton (Ga.) 215; State ex rel. Fansher v. Guinotte, 227 Mo. App. 902,58 S.W.2d 1005, supra. Allowing the writ in such cases is but an application of the familiar rule that where the performance of a duty is imposed upon a judge or court without any discretion in the discharge thereof, such performance may be compelled by mandamus. The rule is commonly applied to compel a judge or court to issue process. Logansport, C. S.W. R. Co. v. Groniger, 51 Ind. 383; State ex rel. Benson v. Brooks,167 Mo. App. 619, 150 S.W. 725; In re Application of N. A. Mercantile Agency Co. 124 App. Div. 657, 109 N.Y. S. 165; People ex rel. Ellinghausen v. Leask, 1 Abb. New Cas. (N. Y.) 299; State ex rel. [Livingstone] v. Williams, 45 Or. 314,77 P. 965, 67 L.R.A. 167; State ex rel. Moore v. O'Bannon,182 Okla. 173, 77 P.2d 70; Benners v. State, 124 Ala. 97, 26 So. 942; Marshall v. Herndon, 161 Ky. 232, *Page 518 170 S.W. 623; State ex rel. Thomas v. McCutcheon, 20 Neb. 304,30 N.W. 58; Richland Drug Co. v. Moorman, 71 S.C. 236,50 S.E. 792; Fowler v. Chillingworth, 94 Fla. 1, 113 So. 667; 38 C. J., Mandamus, pp. 609, 626, §§ 87, 120. Giving notice of hearing on the petition to admit a will to probate pursuant to statute involves performance of the same nondiscretionary duty as issuing a proper citation or process, since the purpose in each instance is to give notice to those whose rights may be affected by the proceeding. The notice in the instant case can be given only by publication and mailing of the order fixing the time and place of hearing. Hence such an order is indispensable to the probate of the will.
Relator has no order to appeal from or other remedy. Jonesex parte, 1 Ala. 15. Hence he is entitled to a peremptory writ on the showing. The demurrer should have been overruled.
3. "A writ of prohibition is not one of right but of discretion. 'In general it is a good reason for denying it, that the party has a complete remedy in some other and more ordinary form.' " In re Estate of Davidson, 168 Minn. 147,210 N.W. 40. Appellant will be afforded full relief by the proceedings in mandamus. There is no necessity for granting a writ of prohibition.
The order sustaining the demurrer is reversed.
A writ of prohibition is denied, and the order to show cause is discharged.
[2] Our Rule 2 prescribes the style of mandamus cases in this court on review and in original proceedings. 200 Minn. xxvi. *Page 519