**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Mountain View Baptist Church, Respondent,

v.

Bobby Lee Burdine, Petitioner.

Appellate Case No. 2011-192466

———————————

ON WRIT OF CERTIORARI TO THE COURT OF
APPEALS

———————————

Appeal From Greenville County
John C. Few, Circuit Court Judge

———————————

Memorandum Opinion No. 2013-MO-009
Heard February 21, 2013 – Filed March 13, 2013

———————————

**REVERSED**

———————————

Kirby Rakes Mitchell and Michael Stephen Gambrell, both of S.C. Legal Services, of Greenville, for Petitioner.

Candy M. Kern-Fuller, of Upstate Law Group, LLC, of Easley, for Respondent.

———————————

**PER CURIAM:**   We granted certiorari to review the court of appeals' opinion in *Mountain View Baptist Church v. Burdine*, Op. No. 2011-UP-061 (S.C. Ct. App. filed Feb. 16, 2011).   We now reverse pursuant to Rule 220(b)(1), SCACR, and the following authorities:   *Stewart-Jones Co. v. Shehan*, 127 S.C. 451, 456 121 S.E. 374, 376 (1924) (noting the existence of an actual landlord and tenant relationship is a "prerequisite to the assumption and exercise of jurisdiction by the magistrate" in ejectment proceedings pursuant to the Residential Landlord Tenant Act); *Richland Drug Co. v. Moorman*, 71 S.C. 236, 240, 50 S.E. 792, 794 (1905) ("If the defendant in possession does not see fit to avail himself of the privilege of executing the bond within five days after notice to quit, and thereby preventing the warrant of ejectment, but should appear and demand a hearing as to whether the case is one falling within the statute, it is the duty of the magistrate to accord such hearing, and it would then be incumbent on plaintiff to show, at least *prima facie*, that he is owner of the premises, and that defendant is a trespasser . . . ."); S.C. Code Ann. § 22-3-20 (2007) ("No magistrate shall have cognizance of a civil action . . .[w]hen the title to real property shall come in question, except as provided in Article 11 of this chapter."); S.C. Code Ann. § 22-3-1150 (2007) ("If . . . it appear on the trial from the plaintiff's own showing that the title to real property is in question and such title shall be disputed by the defendant the magistrate shall dismiss the action . . . .").

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**