Mabelle E. Fowler and Her Husband, M. N. Fowler, *Petitioner,* v. Honorable C. E. Chillingworth, Judge of the Fifteenth Judicial Circuit of Florida, *Respondent.*

Division A.

Opinion Filed June 14, 1927.

*McCume, Casey, Hiaasen & Fleming,* for Petitioner;

*C. E. Chillingworth,* in pro per.

ELLIS, C. J.—An alternative writ of mandamus was issued upon the petition of Mabelle E. Fowler and her husband requiring the Honorable C. E. Chillingworth,

Judge of the Fifteenth Judicial Circuit, to take jurisdiction of the cause of Mabelle E. Fowler, and her husband, against J. M. Holding and wife, M. H. Nussbaum and wife, Hollywood Square Sales Corporation, a Florida Corporation, and Henry Goldberg and wife, and to issue an order of publication in that cause commanding Hollywood Square Sales Corporation to be and appear in that cause on a certain day in compliance with Section 3111 of the Revised General Statutes and Chapter 11364 of the Acts of the Legislature, Special Session of 1925, or to show cause why he refused to do so.

Upon the return day of the writ respondent answered admitting the allegations of the writ and submitting a motion to quash it.

The facts briefly stated are as follows: Mabelle E. Fowler and husband began a suit in equity in Broward County in March, 1927, to foreclose a mortgage lien upon certain lands located in that County. The defendants named were J. M. Holding and wife, the mortgagors, M. H. Nussbaum and wife, the former of whom purchased the land from the Holdings and agreed to pay the mortgage upon it held by the Fowlers, Henry Goldberg and his wife, to the former of whom the Nussbaums had given a mortgage upon the land, and Hollywood Square Sales Corporation, a Florida Corporation to which the Nussbaums had conveyed the land by warranty deed; the Corporation assuming to pay the mortgage to the Fowlers.

The notes secured by the mortgage to Fowler became due and were not paid. A *lis pendens* was filed by the Fowlers. A summons in chancery issued and was served upon the Holdings. The summons in chancery was issued to Hollywood Square Sales Corporation and Henry Goldberg and wife was returned unserved upon either defendant. The sheriff's return was as follows:

"Received this summons on March 29, 1927, and returned same unexecuted for the reason that after diligent search I failed to find the within named defendants, or any officer or agent of the within named defendant corporation, HOLLYWOOD SQUARE SALES CORPORATION, in Dade County, Fla., upon whom this process could be served as all officers and agents are unknown."

The return was signed by the sheriff of Dade County by a deputy.

The bill alleged that the "Hollywood Square Sales Corporation is a Florida Corporation, with its principal place of business in Miami, Dade County, Florida."

When that return to the summons was made a solicitor for the complainants in the cause made and filed an affidavit which alleged the belief of the affiant to be: That the Hollywood Square Sales Corporation is a corporation organized and *existing* under the laws of Florida, that it maintains no place of business in Florida and has not since 1926; that there is no person in the State of Florida the service of a subpoena upon whom would bind the Corporation; that the president of the Corporation is Irving Schweitzer and that he has been absent from the State for more than sixty days before the institution of the suit; that his address is known and was particularly given; that the name of the secretary is Harry Weisman, who has also been out of the State for more than sixty days preceding the institution of the suit, and his residence was given as being the same as that of the president; that the vice-president is named Barnett Baruck, that he has been absent from the State for more than sixty days, and affiant had made "diligent search and inquiry for the purpose of ascertaining the address, residence and place of abode or whereabouts" of that person but had been unable to ascertain the same and that his address was unknown to affiant;

that the name of the resident agent of the Corporation is Barnett Baruck; that the Corporation has no other officers and agents and all of those named are over twenty-one years of age.

The affiant also deposed as to his failure after diligent search and inquiry to ascertain the place of residence of the Goldbergs.

Upon filing this affidavit the complainants moved the court for an order of publication directed against the Goldbergs and the Corporation requiring each to appear in this cause on the 6th day of June, A. D. 1927, at the court house in Fort Lauderdale, Broward County, Florida, and to answer the bill of complaint. The nature of the suit being stated in the requested order together with a description of the land covered by the mortgage being foreclosed.

Judge C. E. Chillingworth, to whom the application for the order was made, declined to make the order because he said that the affidavit did not show that the Corporation, which is a domestic corporation, was absent from the State and that there was no attempt to comply with Section 2609 of the Revised General Statutes.

The question of service of process upon a domestic corporation which has no officer or agent residing in the State seems to have engaged the attention of members of the bar not a little lately.

This Court in a recent case, Broward Estates Corporation v. Chillingworth, decided at the present term, had under consideration the sufficiency of an affidavit upon which to base an order of publication of notice of the institution of a suit against a domestic corporation whose officers were alleged to be residing out of the state. It was held that Section 2609, Revised General Statutes, applied; that the sheriff's return upon the process issued should set forth one of the conditions named in that statute

to obtain an order of publication of notice to the corporation to appear; that Chapter 11364, Acts Extraordinary Session of 1925, in cases where the plaintiff or complainant is entitled to an order of publication against a domestic corporation; that Section 3111, Revised General Statutes, while applying to any suit in equity, did not provide for publication of service against domestic corporations.

A reexamination of the record in that case and the opinion confirms our view as to the correctness of the conclusion reached. The return of the sheriff upon the summons in chancery merely stated "after diligent search I failed to find within named defendants in Dade County."

The opinion could have been made clearer by explanations in detail of the contents of such statute and by mentioning some principles of elementary law necessarily involved.

In the first place a domestic corporation is an artificial person whose residence or domicile is fixed by law within the territorial jurisdiction of the state which created it. That residence cannot be changed temporarily or permanently by the migrations of its officers or agents to other jurisdictions. So long as it is an existing corporation its residence, citizenship, domicile or place of abode is within the state which created it. It cannot reside or have its domicile elsewhere. Neither can it in legal contemplation be absent from the state of its creation. See 7 R. C. L. 139; Taylor v. Branham, 45 Fla. 297, 17 South. Rep. 552, 48 A. S. R. 249, 39 L. R. A. 362; Duke v. Taylor, 37 Fla. 64, 19 South. Rep. 172, 53 A. S. R. 232, 31 L. R. A. 484; 14 C. J. 340.

It follows, therefore, that Section 3111, Revised General Statutes, has no application because whether a statement is made in a sworn bill or in an affidavit duly filed that a domestic corporation is a resident of a state other than

the state of its creation or that its residence is unknown or that it is absent or has been absent from the state it is a nullity because the fact is legally impossible. The terms of the statute do not apply and cannot be made to apply to a domestic corporation.

Section 2604, Revised General Statutes, prescribes how service of process may be made upon any corporation domestic or foreign.

Section 2609, Revised General Statutes, makes full and complete provision for any case or situation where a domestic corporation may not be served with process in the usual manner prescribed by Section 2604, *supra*. There are four conditions which the section was intended to meet. They cover every possible situation in which a complainant having a cause against a domestic corporation may obtain service upon it of notice of the institution of the action or suit against it. They are as follows:

First, where the corporation has failed to elect officers;

Second, failed to appoint agents;

Third, absence from the state for six months before issuing of the writ of the agents or officers;

Fourth, or where the officers or agents are unknown.

A return by the sheriff upon the process showing any one of the above conditions entitles the complainant to an order of publication of the notice of the action as provided by the statute. That statute has been held by this Court to provide due process of law. See Clearwater Mercantile Co. v. Roberts, Johnson, Rand Shoe Co., 51 Fla. 176, 40 South. Rep. 436.

In that case Mr. Justice Cockrell, speaking for the Court, said: the controlling principle is the "power of the state over its own creatures." He said: "Strictly speaking, there can be no personal service upon a corporation but only such constructive or substituted service as the law may

provide." "The fundamental object of all laws relating to service of process is to give that notice which will in the nature of things most likely bring the attention of the corporation to commencement of the proceedings against it and when legislation carries out this clear design it should not be stricken down by the courts."

Section 2604, *supra*, does not expressly provide that service of process against a domestic corporation shall be made in this State except as to "any officer or business agent" which is the fourth class of persons upon whom in the absence of persons or officers of the preceding three classes process may be served.

Without deciding the proposition, which is supported by authority, that service of process against a domestic corporation may be made upon its nonresident officers by delivering to them in the state of their residence or other place where they may be a copy of the writ, we do say that the process in such case does not affect the property or personal rights of a person or corporation resident in another state and is not an attempt to extend the process of the court beyond the territorial limits of the state.

The domestic corporation is at all times within the territorial jurisdiction of the state courts and service upon its officers or agents designated by the statutes without the state is as reasonably certain to convey notice of the pendency of the action as would like service upon the same officer within the state. Such notice has been held to be due process of law and the validity of it may not depend upon the statute expressly authorizing such service to be made without the state. See Strub v. Layman Land & Investment Co., 30 S. D. 310, 138 N. W. Rep. 957, 46 L. R. A. (N. S.) 941.

In the same line is the case of Breon v. Miller Lumber Co., 83 S. C. 221, 65 S. E. Rep. 214, 24 L. R. A. (N. S.)

276, where service of summons upon the domestic corporation by serving its president a nonresident temporarily within the state, for the sole purpose of attending as a party plaintiff and a witness in another action was held to be valid.

Chapter 11364, Acts of 1925, *supra,* is applicable to such cases only as those ''where the complainant, plaintiff or party instituting the proceeding is entitled to an order of publication or notice to appear under the laws of this State for the purpose of securing· constructive service of process or notice upon or against any defendant, party or person natural or artificial.''

To be entitled to an order of publication of notice of the commencement of an action or suit against a domestic corporation the sheriff's return on the writ should show either, first that the domestic corporation has failed to elect officers; or second, failed to appoint agents; or third, that its agents or officers have been absent from the state for six months before issuing of the writ; or fourth, that the officers or agents are unknown.

It is as reasonable to require the sheriff to make such return on the writ, which he can do after reasonable diligence in informing himself of the conditions, as to require an attorney or other person, say the complainant, to set forth such fact in an affidavit.

The Legislature has fixed the period of absence of officers or agents from the state at six months. That requirement is controlling until the time is shortened or lengthened by the same authority.

The return made by the sheriff in the instant case as to the Hollywood Square Sales Corporation was a full compliance with Section 2609. The bill alleged that the Hollywood Square Sales Corporation is a Florida Corporation with its principal place of business in Miami, Dade County,

Florida. The sheriff's return was that after diligent search he failed to find the defendant or any officer or agent of the corporation in Dade County upon whom the process could be served "as all officers and agents are unknown."

Upon this return without the supporting influence of an affidavit by the attorney or complainant the judge should have made the order of publication as the statute required.

The motion to quash the alternative writ is therefore denied.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.