561 So.2d 1202 (1990)
INTERNATIONAL COMPUTER SOLUTIONS, INC., Appellant,
v.
ST. JAMES CLUB ANTIGUA, Robin Chapman, d/b/a St. James Club Antigua, Appellees.
No. 89-1725.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Rehearing Denied June 22, 1990.
Militana, Militana & Militana and John Militana, Miami, for appellant.
Ivan S. Benjamin, Hollywood and Paul Gifford, Miami, for appellees.
Before HUBBART and COPE and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiff International Computer Solutions, Inc., a Florida corporation, from a final order dismissing its action with prejudice against the defendant St. James Club Antigua, a foreign corporation registered in Antigua. The plaintiff allegedly sold a computer to the defendant and the defendant refused to pay for same; the instant action was brought for monies due and owing based on this sale. We affirm the order dismissing the complaint because we agree with the trial court that the defendant was not operating, conducting, engaging in or carrying on a business in Florida so as to subject it, as here, to substituted service of process through the Secretary of State under Section 48.181(1), Fla. Stat. (1987).
We reverse, however, that portion of the order of dismissal which dismissed the action with prejudice as it appears plain on *1203 this record that personal jurisdiction over the defendant may be obtained by the plaintiff under Section 48.193(1)(g), Florida Statutes (1987), if service of process is thereafter properly obtained under Section 48.194, Florida Statutes (1987). We reach this result because on this record (1) the defendant allegedly "[b]reach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state," § 48.193(1)(g), Fla. Stat. (1987), namely, failing to pay the plaintiff for the subject computer as required in Miami, Florida, and (2) the defendant had otherwise sufficient minimum due process contacts with Florida. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla. 3d DCA 1989).
Affirmed in part; reversed in part.