561 So.2d 1261 (1990)
O.T. HOTCHKISS, IV, Appellant,
v.
FMC CORP., a Delaware Corporation, Appellee.
No. 89-03153.
District Court of Appeal of Florida, Second District.
May 18, 1990.
*1262 Charles L. Weissing of Smith & Weissing, P.A., Tampa, for appellant.
David R. Tyrrell and David P. Carlton of Hill, Ward & Henderson, P.A., Tampa, for appellee.
PARKER, Judge.
O.T. Hotchkiss, IV, appeals a nonfinal order denying his motion to quash service of process. Hotchkiss' motion was based upon lack of long-arm personal jurisdiction. We reverse.
FMC Corporation, a Delaware corporation, authorized to do business in the State of Florida, sold and delivered goods on account to Tri-Starr Southeast, Inc. The deliveries were made in this state, with payments due to be paid in Chicago, Illinois. Prior to the deliveries, Tri-Starr through its president James Sefchick executed a dealer agreement which Sefchick personally guaranteed. Tri-Starr also entered into a security agreement with FMC, which Hotchkiss personally guaranteed.
Under the guaranty provisions which Hotchkiss signed, he guaranteed:
[t]he full, prompt and faithful payment as due of any and all indebtedness of Debtor [Tri-Starr] to FMC and the full, prompt and faithful performance by the Debtor of any and all terms, conditions and covenants required to be performed by Debtor under the foregoing Security Agreement and any instrument or obligation evidencing or securing Debtor's indebtedness to FMC secured thereby.
That document listed Hotchkiss' address as "Lawrenceville, Georgia" and is notarized by a Georgia notary.
FMC sued Tri-Starr, Sefchick, and Hotchkiss for payments owed to FMC by Tri-Starr and for which Sefchick and Hotchkiss were obligated as guarantors. The complaint alleges that Hotchkiss is a "resident of the State of Florida." A summons was duly issued, however, listing Hotchkiss' address as "Lawrenceville, GA," and service was effected upon Hotchkiss by the sheriff's office of Gwinnett County, Georgia. Hotchkiss moved to quash service for failure to serve Hotchkiss in Florida, if as alleged in the complaint, he is a Florida resident, and for failure to allege properly long-arm jurisdiction over Hotchkiss to support his being served in Georgia as a resident of that state. The trial court denied this motion, and this nonfinal appeal follows.
Hotchkiss correctly argues that the trial court erred in exercising personal jurisdiction over him in Florida. First, the complaint is subject to dismissal because, on its face, it alleges jurisdiction in this state by virtue of Hotchkiss being a Florida resident, while service of process was effected on Hotchkiss in Georgia, his apparent place of residency. While this error may be corrected by FMC filing an amended complaint alleging long-arm jurisdiction over Hotchkiss, *1263 see Fla.R.Civ.P. 1.190(a),[1] such an amendment would be futile, because on these facts there is no basis for long-arm jurisdiction over Hotchkiss under any provision of section 48.193, Florida Statutes (1989).
As previously stated, Hotchkiss guaranteed the payment of Tri-Starr's debts to FMC under the security agreement, which payments were to be made in Illinois. Hotchkiss was not a signator to the security or dealer agreements and, therefore, was not directly obligated to assume Tri-Starr's responsibilities under those contracts in the event Tri-Starr defaulted. Thus, even if as FMC argues those contracts required the performance of some activities in Florida those activities were required of Tri-Starr, not Hotchkiss. In any event, Tri-Starr defaulted in this instance by failing to make payments which were required to be remitted to Illinois. Hotchkiss is correct when he argues that because the act of making payments under the security agreement was required to be performed in Illinois, which is the reason for FMC's claim against him, there is no basis for exercising long-arm jurisdiction over Hotchkiss in Florida under section 48.193(1)(g).[2] The result in this case may have been different had FMC sought performance of duties by Hotchkiss under a valid contract required to be performed in Florida. See Armaly v. Practice Management Associates, 533 So.2d 920 (Fla. 2d DCA 1988) (personal jurisdiction properly obtained in Florida where contract required payment in Florida and weekly reports to be made in Florida). The "substantial activity" provision, cited by FMC as a basis for long-arm jurisdiction over Hotchkiss, is also not applicable on these facts. See § 48.193(2), Fla. Stat. (1989).[3] No activity was required by Hotchkiss under the agreement other than to honor Tri-Starr's payment obligations in Illinois  not Florida. That activity alone, even if required to be made in Florida, cannot be deemed substantial. Nor has Hotchkiss in any way engaged in a business venture in Florida merely by signing the guaranty as FMC asserts. See § 48.193(1)(a), Fla. Stat. (1989).[4]
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] That rule provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served... ." In this instance, no responsive pleading was filed until after the order denying Hotchkiss' motion to quash service of process was entered. In any event, under this rule a party may amend a pleading with leave of court which "shall be given freely when justice so requires."
[2] That portion of the long-arm statute provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
§ 48.193(1)(g), Fla. Stat. (1989).
[3] That portion of the statute provides:

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
§ 48.193(2), Fla. Stat. (1989).
[4] That portion of the statute provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state.
§ 48.193(1)(a), Fla. Stat. (1989).