602 So.2d 659 (1992)
Lucinda M. HOLTON, Appellant,
v.
PROSPERITY BANK OF ST. AUGUSTINE, a Florida Banking Corporation, et al., Appellees.
No. 92-380.
District Court of Appeal of Florida, Fifth District.
July 10, 1992.
*660 J. Lester Kaney and Carol L. Allen of Cobb Cole & Bell, Daytona Beach, for appellant.
Douglas D. Chunn and Marianne Lloyd of Smith, Hulsey & Busey, Jacksonville, for appellees.
PER CURIAM.
Appellees, Prosperity Bank of St. Augustine (Bank), filed an action in St. Johns County, Florida, against several parties on a defaulted promissory note payable to the Bank's place of business in St. Johns County, Florida. One of the defendants is appellant, Lucinda M. Holton, a guarantor on a guaranty agreement. The complaint alleged that the guarantor was a resident of St. Johns County but the Bank caused a summons to be issued which was served on the guarantor in Rome, Georgia. The guarantor moved to dismiss the complaint for lack of jurisdiction,[1] alleging under oath that the guarantor had been a resident of Rome, Georgia for fifteen years and was not a resident of Florida, and neither owned property nor conducted business in Florida. The Bank created no factual issue relating to the facts verified by the guarantor and relied on the fact that (1) the guaranty agreement appeared to have been executed in Florida, (2) the unverified allegation in the complaint that the guarantor was a resident of Florida, and (3) that the guaranty agreement contains an express provision agreeing that actions against the guarantor may be brought in St. Johns County, Florida.
The trial court denied the guarantor's motion to dismiss and the guarantor appeals. We reverse.
Two inquires must be made in determining whether long-arm statute (§ 48.193, Fla. Stat.) jurisdiction is appropriate in a given case: (1) whether the complaint alleges sufficient jurisdictional facts to bring the action within the statute, and (2) if so, whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. Thompson v. Doe, 596 So.2d 1178 (Fla. 5th DCA 1992); Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).
In testing jurisdiction under the long arm statute, the plaintiff must initially allege in the complaint sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the long arm statute. Thereafter, the plaintiff is required to substantiate the jurisdictional allegations. If the plaintiff fails to supply affidavits or other proof to substantiate the jurisdictional allegations, then the defendant's motion to abate or dismiss for lack of jurisdiction should be granted. Newton v. Bryan, 433 So.2d 577 (Fla. 5th DCA 1983); Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978).
In the instant case three questions must be answered in determining whether the *661 trial court erred in denying the guarantor's motion to dismiss:
A. Whether the complaint filed by the Bank properly alleges jurisdiction in this state by virtue of the guarantor being alleged as a resident of Florida, while service of process was effected in Georgia.
B. Whether, once the guarantor challenged the court's jurisdiction and submitted supporting affidavits, the Bank met its burden of showing jurisdiction based solely on the guaranty agreement attached to the complaint.
C. Whether the facts as shown from the guaranty agreement show a basis for long-arm jurisdiction over the guarantor under section 48.193, Florida Statutes.

SUFFICIENCY OF THE COMPLAINT
The complaint filed by the Bank alleged that all the defendants, including the guarantor, are residents of St. Augustine, St. Johns County, Florida. However, the summons and alias summons issued to the guarantor listed the address of the guarantor as Rome, Georgia. The alias summons has stamped on it that the summons was served on the guarantor by a deputy sheriff of Floyd County, Georgia. This same error in the jurisdictional allegations of a complaint were present in Hotchkiss v. FMC Corp., 561 So.2d 1261 (Fla. 2d DCA 1990). In Hotchkiss, a corporation sued several defendants including Hotchkiss, a guarantor on a security agreement. The complaint alleged Hotchkiss was a resident of the State of Florida but the summons issued listed Hotchkiss' address as "Lawrenceville, Georgia, and service was effected on Hotchkiss in Georgia. The Second District recognized that the complaint was subject to dismissal because on its face the complaint alleged jurisdiction in this state by virtue of Hotchkiss being a Florida resident, while service of process was effected on Hotchkiss in Georgia, his apparent place of residency. The court noted that perhaps this error could be corrected by the filing of an amended complaint alleging long-arm jurisdiction over Hotchkiss. However, the court stated that such an action would be futile because the facts did not support a basis for long arm jurisdiction.
The complaint in the instant case was subject to dismissal because the complaint alleged that the guarantor was a Florida resident while service of process was effected in Georgia and the summons indicated the guarantor was a resident of Georgia. The complaint makes no allegations of jurisdictional facts which would bring the action under the long-arm statute.

BANK'S BURDEN OF PROOF
The Bank asserts that the guaranty agreement, which was signed by the guarantor in Florida and obligated the guarantor to pay a Florida bank under the guaranty, provides sufficient documentary evidence that the trial court has jurisdiction over the guarantor.
In the matter of proof, a plaintiff seeking to subject a nonresident defendant to the jurisdiction of the court via the long-arm statute does not satisfy the requirement of section 48.193, Florida Statutes, by alleging facts which show only a possibility of jurisdiction. In the face of a meritorious challenge supported by affidavits, the plaintiff has to prove jurisdiction over the person by opposing affidavits, testimony or documents. Sims v. Sutton, 451 So.2d 931 (Fla.3d DCA 1984); Investors Associates, Inc. v. Moss, 441 So.2d 1144 (Fla.3d DCA 1983); see also, Hyco Mfg. Co. v. Rotex Intern. Corp., 355 So.2d 471 (Fla.3d DCA 1978).
In Investors Associates, Inc., the plaintiff filed a complaint alleging as jurisdictional facts that the defendant solicited business in Florida. The defendant moved to dismiss for lack of jurisdiction. Evidence in the form of the defendant's affidavit and the plaintiff's deposition established that the defendant did not engage or solicit business in Florida. The district court found it unnecessary to decide whether the complaint alleged a sufficient factual basis for the acquisition of jurisdiction because the defendant's affidavit was sufficient to shift the burden of going forward to the plaintiff and the proof presented by the plaintiff was insufficient or nonexistent. The court held that a plaintiff seeking to *662 subject a nonresident defendant to the jurisdiction of the court via the long arm statute does not satisfy his obligation simply by alleging facts which show a possibility of jurisdiction and the plaintiff must prove jurisdiction by affidavits, testimony and documents.
In the instant case the Bank alleged in the complaint that all defendants, (including the guarantor) were residents of St. Augustine, St. Johns County, Florida and the guarantor executed the guaranty agreement. The Bank attached the guaranty agreement to the complaint. The guaranty agreement provided, under a paragraph entitled "venue", the following:
18. Venue Each guarantor agrees that any action against the Guarantors, or any of them, may be brought in a court of competent jurisdiction in St. Johns County, Florida, regardless of the place of execution of the guaranty, and each Guarantor hereby waives any right to require that any action to enforce this Guaranty be brought in any other jurisdiction or venue.
The guaranty agreement was executed in St. Johns County, Florida.[2] The Bank, on appeal, while referring to the venue provision, asserts that this provision is not the sole basis for contending that the trial court has jurisdiction. A contractual forum selection clause cannot serve as a sole basis for asserting in personam jurisdiction over an objecting nonresident defendant. McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987).
The guarantor's attack on the jurisdiction of the court with the filing of the guarantor's affidavit shifted to the Bank the burden of proving jurisdiction. While the guaranty agreement attached to the complaint may have indicated the possibility of jurisdiction, the Bank did not prove jurisdiction and thus did not meet its burden.

GUARANTOR'S MINIMUM CONTACTS
The Bank contends that the facts show that the guarantor is subject to long-arm jurisdiction under section 48.193(1)(g), Florida Statutes, because the guarantor signed the guaranty agreement in Florida and the guarantor agreed to make payment on the promissory note obligation in the event of a default.
Section 48.193(1)(g), Florida Statutes, provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(g) Breaching a contract in this state by failing to perform the acts required by the contract to be performed in this state.
In Hotchkiss, 561 So.2d at 1261, Hotchkiss guaranteed the payment of Tri-Starr's debts to FMC under a security agreement, which payments were to be made in Illinois. Hotchkiss was not a signatory to the agreements between Tri-Starr and FMC and was not directly obligated to assume Tri-Starr's responsibilities under the agreements. The court held that because payment was to be made in Illinois there existed no basis for long-arm jurisdiction. The court noted that no activity was required of Hotchkiss under the agreement other than:
To honor Tri-Starr's payment obligation in Illinois  not Florida. That activity alone, even if required to be made in Florida cannot be deemed substantial. [Emphasis added].
561 So.2d at 1263.
The dicta in Hotchkiss indicates that a guarantor's mere obligation to honor a payment *663 obligation of another, even if that obligation is required to be made in Florida is not a substantial activity to subject the nonresident guarantor to the jurisdiction of a Florida court.
In the instant case the guarantor, like the guarantor in Hotchkiss, has merely agreed to honor another's payment obligation. Like Hotchkiss, the guarantor sub judice was not a signatory to the promissory note nor did the guarantor assume any duties other than the payment obligation. Unlike the payment obligation in Hotchkiss which was to be made in Illinois the instant payment was to be made in Florida. However, as indicated in the dicta in Hotchkiss such activity, even if required in Florida, is not sufficient to subject a nonresident guarantor to the jurisdiction of a Florida court.
The order of the trial court denying the guarantor's motion to dismiss for lack of jurisdiction is reversed on three grounds: (1) the complaint fails to allege sufficient jurisdictional facts, (2) the Bank did not meet its burden of proving jurisdiction over the guarantor by the mere attachment of the guaranty agreement to the complaint, and (3) the facts do not show that the guarantor is subject to the long-arm jurisdiction of the court.
REVERSED.
DAUKSCH, COWART and DIAMANTIS, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.140(b).
[2] The Florida general venue statute, section 47.011, Florida Statutes, expressly provides that it is not applicable to actions against nonresidents. By removing nonresidents from the scope of the legislatively created venue privilege, a nonresident over whom personal jurisdiction can be obtained consistent with constitutional considerations can, at a plaintiff's election, be sued in any county in this state, subject only to the doctrine of forum non conveniens as codified in section 47.122, Florida Statutes. See Kauffman v. King, 89 So.2d 24 (Fla. 1956); Puerto v. Mid-Gulf Services, Inc., 519 So.2d 689 (Fla.3d DCA 1988).