678 So.2d 1385 (1996)
Gerald STEWART, et al., Appellants,
v.
JULANA DEVELOPMENT CORP., et al., Appellees.
No. 96-367.
District Court of Appeal of Florida, Third District.
September 11, 1996.
*1386 Barney B. Avchen, Hialeah, for appellants.
Bartel & Prieto and Stanley Bartel, Miami, for appellees.
Before NESBITT, COPE and LEVY, JJ.
NESBITT, Judge.
Plaintiffs-appellants appeal a non-final order vacating and setting aside a default and default final judgment and quashing service of process.[1] We reverse and remand for further proceedings.
The instant action began when the plaintiffs, on June 1, 1995, filed a two-count complaint seeking damages for breach of contract against appellee Julie A. Reynolds ("Reynolds") and the imposition of an equitable lien against certain real property allegedly owned by appellee Julana Development Corporation ("Julana"). Plaintiffs alleged they negotiated and contracted in Dade County with an authorized agent of Reynolds to provide the labor and materials necessary to carpet thirteen condominium units located in Dade County. Having performed their end of the bargain, plaintiffs alleged that Reynolds, the fee simple owner of the subject realty, failed to pay the balance of the contract price. In their equitable lien count plaintiffs alleged that after they had performed under the contract, Reynolds quit-claimed the subject realty to a newly-formed Florida corporation, Julana, which was Reynolds' "mere alter ego."
The plaintiffs attempted to effect personal service of process on Reynolds individually and as a representative of Julana at an address in Dade County obtained from public records. That service was not completed, however, the process server having indicated in his return of service that the electricity had been turned off at the residence, furniture was still inside, and neighbors reported that Reynolds had gone with her family to California some three to four weeks earlier and they did not know when she would return.
When the plaintiffs discovered Reynolds in San Diego, California, they caused alias summonses to be issued. Two returns of service executed by San Diego county deputy marshals indicated that Reynolds was personally served with the alias summonses and the *1387 plaintiffs' complaint on August 29, 1995, both individually and as a representative of Julana. When neither defendant filed a responsive pleading, the plaintiffs moved for and obtained a default and default final judgment on October 10, 1995.
Nearly three months later, on January 8, 1996, the defendants filed a motion that, as stated by appellees' counsel, essentially argued "that the Complaint contained no allegations whatsoever sufficient to authorize the use of extra-territorial service of process in California as against either Julana or Reynolds." Soon thereafter but before disposition of the motion, Reynolds filed an affidavit in support of the motion.[2] Ultimately, the lower court granted the motion and on January 12 entered the order now under review.[3]
In determining whether long-arm jurisdiction has been correctly obtained over a nonresident defendant "[a] court first must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of our long-arm statute. A court then must determine whether sufficient minimum contacts exist between our forum state and the defendant to satisfy the Fourteenth Amendment's due process requirements...." Doe v. Thompson, 620 So.2d 1004, 1005 (Fla.1993). No argument was made below or to this court that the second minimum contacts prong of the inquiry has not been satisfied. The issue in this case is whether plaintiffs' complaint alleges sufficient jurisdictional facts to bring the action under section 48.193(1)(g), Florida Statutes (1995). It provides that:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative, to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . . . .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state. (emphases added).
With respect to Reynolds, appellees point to that portion of the complaint that alleged Reynolds "is a resident of Dade County, Florida," to support their argument that extra-territorial service of process on her was unauthorized. Additionally, appellees argue that the complaint lacks any other allegations that would support the use of the long-arm statute. We disagree.
In Lester v. Arb, 658 So.2d 583 (Fla. 3d DCA 1995), the plaintiff erroneously alleged that the defendant was a Florida resident and later served him at his true residence in South Carolina. Despite that error, this court held that the complaint, though "not specifically referencing or tracking the long-arm statute," alleged sufficient jurisdictional facts under section 48.193(1)(g). By way of contrast we note that in Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659 (Fla. 5th DCA 1992), and Hotchkiss v. FMC Corp., 561 So.2d 1261 (Fla. 2d DCA 1990), the courts were also confronted with situations *1388 where the complaints alleged Florida residency yet service of process was effected at the defendants' apparent Georgia residences. In both cases it is evident that allegations of Florida residency were the only bases for jurisdiction and the complaints contained no other allegations that would support such jurisdiction. Indeed the Hotchkiss court noted that "the result in this case may have been different had [the plaintiff] sought performance of duties by [the defendant] under a valid contract required to be performed in Florida." Id. at 1263.
The conclusion to be drawn from these cases is that an erroneous allegation of Florida residency does not vitiate jurisdiction acquired over a personally-served nonresident defendant provided there are other sufficient jurisdictional facts alleged in the complaint. This conclusion is supported by the plain language of section 48.193(1) which provides that "any person, whether or not a citizen or resident of this state," who does any of the enumerated acts is subject to the jurisdiction of Florida's courts. (emphasis added).
Arriving at a similar conclusion in the tort context, the court in Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994) held "that section 48.193 does not require an allegation of nonresidency in the complaint to render personal service valid, where the complaint contains a statement that the automobile accident occurred in Florida." The court further observed:
Unlike the substituted service statute, the long arm statute providing for personal service does not include language concerning nonresidency. Because personal service is effected on the defendant, not substituted service on the Secretary of State as the nonresident defendant's agent, an allegation of nonresidency is superfluous. A defendant who is personally served in New York knows he or she is a nonresident; therefore, no notice requirement is served by including such an allegation in the complaint. It is the commission of the tortious act in the State of Florida which confers personal jurisdiction and authorizes personal service outside this state and not the fact of nonresidency.

Id. at 1134 (emphasis added). In the instant case it is the failure to perform the acts required by the contract to be performed in this state which confers jurisdiction under the statute and authorizes extra-territorial service of process. See International Computer Solutions, Inc. v. St. James Club Antigua, 561 So.2d 1202 (Fla. 3d DCA 1990)(holding that failure to pay monies due and owing in Miami, Florida as required by contract satisfies section 48.193(1)(g)); Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla. 3d DCA 1989)(same).[4]
The jurisdictional analysis with respect to Julana is an easier matter. Plaintiffs alleged, and Reynolds later confirmed in her affidavit, that Julana is a Florida corporation with its principal place of business in Dade County. Reynolds is Julana's president. Section 48.081(1)(a), Florida Statutes (1995) authorizes service of process on a Florida corporation by serving the president of the corporation. In Fowler v. Chillingworth, 94 Fla. 1, 113 So. 667 (1927), the supreme court addressed a predecessor to section 48.081 and stated:
[S]ervice of process against a domestic corporation may be made upon its nonresident officers by delivering to them in the state of their residence or other place where they may be a copy of the writ.... The domestic corporation is at all times within the territorial jurisdiction of the state courts and service upon its officers or agents designated by the statute without the state is as reasonably certain to convey notice of the pendency of the action as would like service upon the same officer within the state. Such notice has been held to be due process of law and the validity of it may not depend upon the *1389 statute expressly authorizing such service to be made without the state.
Id. at 8, 113 So. at 669. Thus, we conclude that the plaintiffs correctly effected jurisdiction over Julana by personally serving its president, Reynolds, in California.
Finally, we note that Reynold's affidavit, which amounts to nothing more than a simple denial of service, is as a matter of law insufficient to impeach the validity of the process server's returns of service. Telf Corp. v. Gomez, 671 So.2d 818, 819 (Fla. 3d DCA 1996).
The order of the trial court which quashed the service of process over the defendants, and set aside the default and default final judgment is reversed and remanded with directions to reinstate the service as well as the default and the default final judgment.
NOTES
[1] We have jurisdiction. Fla. R.App. P. 9.130(2)(C)(i). See Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984).
[2] That affidavit provided in pertinent part:

Before me, the undersigned, personally appeared Julie A. Reynolds, who after being duly sworn, did state:
1. I am a resident of San Diego County, California....
2. I am also the President of JULANA DEVELOPMENT CORP., a Florida corporation, whose principal place of business is in Dade County.
3. I have been shown copies ... of two purported Marshal's Returns from San Diego County, California, purporting to reflect that I was served at my residence in California with Complaint and Process both individually and on behalf of JULANA DEVELOPMENT CORP. on August 29, 1995.
4. I was, in fact, served with process at my said home on or about said date; however, the Complaint and Process which were left with me were not from this case but from another lawsuit in which I, individually and as a representative of JULANA DEVELOPMENT CORP. was purportedly being served in California.
5. I have not been served in this action, even in California, with service individually or as a corporate representative of JULANA DEVELOPMENT CORP.
[3] The trial court's order provides in pertinent part: "While Plaintiff may have announced grounds for seeking to utilize extraterritorial service of process upon one or more of the Defendants, the original Complaint filed in this action does not set forth sufficient allegations for asserting Florida jurisdiction over non-residents ...." (citations omitted).
[4] We recognize that the mere failure to pay money due in Florida is not enough to satisfy constitutional minimum contacts analysis. Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249, 250-51 (Fla. 3d DCA 1993). As noted earlier, however, that is not what is at issue in this case. It is the first prong of the analysis, the pleading requirements of section 48.193, that is at issue and that we conclude has been satisfied. See Pellerito Foods, Inc., 542 So.2d at 428.