# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0980
Lower Tribunal No. 24-126850-CC-23
_____

**John D. Sarai**,
Appellant,

vs.

**Merchant Capital Group LLC, etc,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

John D. Sarai, in proper person.

Henderson, Franklin, Starnes & Holt, P.A., and Shannon M. Puopolo, and Brendan J. Shearman (Ft. Myers), for appellee.

Before LINDSEY, MILLER and BOKOR, JJ.

LINDSEY, J.

John D. Sarai, defendant below, appeals a non-final order in favor Appellee, Merchant Capital Group, LLC, doing business as Greenbox Capital ("Greenbox"), plaintiff below, denying Sarai's motion to dismiss Greenbox's complaint for lack of personal jurisdiction.[1]  Greenbox failed to allege sufficient jurisdictional facts in its complaint to bring its action within the ambit of Florida's long-arm statute.  Further, Sarai's unrebutted affidavit attached to the motion to dismiss shifted to Greenbox the burden of proving, by affidavit or other sworn proof, a valid basis for personal jurisdiction over Sarai.  Greenbox failed to do so.  Accordingly, we reverse and remand with directions to dismiss the complaint for lack of personal jurisdiction.

## I.    PROCEDURAL BACKGROUND

Sarai—as agent for Shield Law Group, APLC ("Shield") and a Guarantor—entered into a purchase and sale agreement (the "Agreement") with Greenbox.  Under Exhibit A of the Agreement (the "ACH Authorization"), Greenbox established all terms and procedures to initiate and execute payments.  Greenbox funded Shield by transferring a lump sum by electronic ACH transfer directly into Shield's California bank account.  The Agreement

---

[1] We have Jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).

contains a Florida choice of law and venue provision. The Agreement was silent as to payment to Greenbox, though Greenbox is located in Florida.

Greenbox filed a complaint against Shield and Sarai, as guarantor, jointly and severally in Miami, Florida. The complaint alleged a breach of contract against Shield. It then alleged a personal guarantee cause of action against Sarai, asserting that Sarai guaranteed payments of all amounts.

Sarai moved to dismiss the complaint. The motion to dismiss argued lack of personal jurisdiction because Greenbox failed to allege any independent and sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, despite the Florida choice of law and venue provision contained in the Agreement. In support, Sarai attached an affidavit. The affidavit alleged that Greenbox failed to plead allegations to establish personal jurisdiction over him, and that it would be impossible to plead any such allegations because:

- Sarai is not a resident of Florida;

- Sarai has no physical presence, business operations, assets, property, or other connections to the state of Florida;

- All performance in the agreement was in California, and nothing was required to be performed in Florida;

- All professional activities were exclusively within California;

- No business interests, operations, properties, or other minimum contacts exist in Florida;

3

- The Agreement was executed electronically from California;

- Greenbox commenced automatic weekly withdrawals from Shield's California bank account;

- All activities related to the execution and performance of the Agreement occurred exclusively within California;

- Greenbox is a California-registered LLC and California-licensed lender and broker;

- Greenbox actively purchases California-based leads and actively solicits small businesses residing in California;

- Greenbox asserted a security interest in all his property by executing a UCC financing statement in California only.

Greenbox filed no counter-affidavit or other document or evidence contesting Sarai's allegations. A hearing was held, after which the trial court entered a written order denying the motion to dismiss. No transcript was taken of the hearing. The trial court found Sarai satisfied section 48.193(1)(a)(7), Florida Statutes (2025) of Florida's long-arm statute because the Agreement's choice of law provision provided for Florida law and payments were due to Greenbox, which is located in Florida. Sarai filed a motion for rehearing and reconsideration properly preserving his arguments for appeal.[2] This timely appeal followed.

---

[2] See Kiernan v. ReviveMD305, LLC, 412 So. 3d 156, 158 n.3 (Fla. 3d DCA 2025) ("Where an error appears for the first time on the face of the order, a

4

Sarai asserts that Greenbox's complaint did not contain sufficient allegations to establish personal jurisdiction; and that, given the unrebutted allegations in Rollet's affidavit, the trial court erred in denying the motion to dismiss. Greenbox asserts that it established personal jurisdiction under Florida's long-arm statute because payment is presumed due in Florida and Sarai is ultimately responsible for payment; and a counter-affidavit was not required because Sarai's affidavit failed to refute the facts supporting jurisdiction.

## II.  ANALYSIS

We generally review a trial court's ruling on a motion to dismiss for lack of personal jurisdiction de novo. Promenade Charters V.I., Ltd. v. Caribbean Insurers Marine Ltd., 388 So. 3d 200, 202 (Fla. 3d DCA 2024), reh'g denied (June 12, 2024). The facts are to be derived "from the affidavits in support of the motion to dismiss, and the transcripts and records submitted in opposition to the motion to dismiss." Neal, Gerber & Eisenberg LLP v. Lamb-Ferrara, 388 So. 3d 1112, 1117 (Fla. 3d DCA 2024).

---

litigant must move for rehearing, to vacate, or for relief from judgment to bring the error to the attention of the lower tribunal."); see also Fla. R. Civ. P. 1.530 ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

Our analysis begins with Florida's long-arm jurisdiction statute, section 48.193(1)(a)7, Florida Statutes (2025), which provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> . . .
>
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

The Florida Supreme Court has described the two-step process required to be applied by a trial court in its determination of personal jurisdiction over a particular defendant:

> First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

Borden v. East–Eur., Ins. Co., 921 So. 2d 587, 592 (Fla. 2006) (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)).

As this court has recognized:

> There is a specific procedure set out in Venetian Salami for determining the sufficiency of allegations asserting jurisdiction under the long-arm statute. A

6

> defendant wishing to contest jurisdiction must file a legally sufficient affidavit in support of his position. "The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained."

Tobacco Merchants Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995) (quoting Venetian Salami, 554 So. 2d at 502).

Moreover, once this burden has shifted, "[i]f no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, *the trial court must grant the defendant's motion to dismiss*." Id. (emphasis added); see also Rollet v. de Bizemont, 159 So. 3d 351, 356 (Fla. 3d DCA 2015). As we have noted, it is not the mere filing of the affidavit, but the legal sufficiency of its averments that will cause the burden to shift to plaintiff:

> The defendant's affidavit must meet all requirements for legal sufficiency and must also refute all jurisdictional allegations in the plaintiff's complaint. But once this has been done, the burden shifts to plaintiff to refute the legally sufficient affidavit.

Rollet, 159 So. 3d at 356 n.7 (quoting Broin, 657 So. 2d at 941 n. 4).

Here, Greenbox contends that although the Agreement was silent on where performance was due, Florida courts apply a longstanding presumption that payment is due where the payee resides. Greenbox resides in Florida, thus it contends the failure to perform put Sarai well within reach of the long-arm statute.

7

In <u>Williamson v. Prime Sports Mktg., LLC</u>, we found "while it is true that there is a legal presumption that debt is to be paid at the creditor's place of business—even in the absence of an agreement to do so" this place-of-payment presumption does not apply when "the allegations in the Complaint say nothing about this." 314 So. 3d 480, 484 (Fla. 3d DCA 2020) (emphasis omitted). That is precisely the case here.

Indeed, the complaint's jurisdictional and factual allegations, which say nothing about jurisdiction or Florida's long-arm statute, are silent as to whether the breaching conduct occurred in Florida or whether performance was required in Florida. Moreover, the Agreement itself does not require any acts to be performed in Florida. In short, the allegations in Greenbox's complaint are silent about any breach of contract for failure to pay a debt in Florida. In <u>Williamson</u>, we found on similar facts that failure to do so results in dismissal of the complaint for insufficient jurisdictional allegations. <u>See</u> <u>id.</u> at 486.

Moreover, because no allegations in Greenbox's complaint directly state the court has jurisdiction over Sarai, the Agreement's Florida choice of

law and venue provision alone is insufficient to subject Sarai, a nonresident defendant, to personal jurisdiction. See id. at 483.[3]

Further, it is undisputed that Sarai filed an affidavit contesting the allegations of personal jurisdiction set forth in Greenbox's complaint. Greenbox failed to file an affidavit or provide any sworn proof in response. Thus, the dipositive question is whether Sarai's affidavit was legally sufficient to satisfy Sarai's threshold burden, thus shifting the burden to Greenbox of proving, by affidavit or other sworn proof, a valid basis for personal jurisdiction over Sarai. It is.

Greenbox argues the affidavit was legally insufficient, and thus not requiring a counter-affidavit, because it failed to rebut all jurisdictional allegations in the complaint. Particularly, Greenbox argues Sarai did not

---

[3] To satisfy Florida's statutory requirements for conferring personal jurisdiction solely by contract, a contract must: (1) include a choice of law provision designating Florida law as the governing law; (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida; (3) involve consideration of not less than $250,000; (4) not violate the United States Constitution; and (5) either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws. See § 48.193(1)(a)(9), Fla. Stat.; § 685.101, Fla. Stat. (2025); § 685.102, Fla. Stat. (2025). But Greenbox concedes it did not plead jurisdiction by contract under section 685.102. Regardless, it cannot establish jurisdiction in that manner because the contract does not involve consideration of not less than $250,000.

9

refute the allegation supporting the place-of-payment presumption: the place of payment was silent but was due to Greenbox being located in Florida.

To the contrary, the following facts in the unrebutted affidavit and the Agreement, if taken as true, would defeat the place-of-payment presumption:

- All activities related to the execution and performance of the Agreement occurred exclusively within California.

- No aspect of the Agreement's execution or performance necessitated involvement with or presence in Florida.

- The Agreement directs payment debited from Shield's California checking account.

See Astro Aluminum Treating Co. v. Inter Contal, Inc., 296 So. 3d 462, 466 (Fla. 4th DCA 2020) (finding no jurisdiction where payment debited from California account and no Florida performance was required); Promenade, 388 So. 3d at 203–04 (finding no jurisdiction under section 48.193(1)(a)(7) where insurance policy was "silent as to the place of payment"); see also Telesur v. DOT (SR), Inc., 100 So. 3d 1232, 1236 (Fla. 2d DCA 2012) (finding choice of law and forum provision "designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non-resident defendant").[4]

---

[4] Sarai's affidavit also alleges that he is a California resident; has no Florida business interests, operations, or contacts; executed the agreement in Los Angeles; and that performance occurred exclusively in California. We have found such allegations legally sufficient to shift burden to plaintiff to present

Accordingly, Sarai's affidavit was legally sufficient to satisfy his threshold burden, thus shifting to Greenbox the burden of proving, by affidavit or other sworn proof, a valid basis for personal jurisdiction over Sarai. Greenbox's failure to do so is fatal and requires dismissal of the complaint for lack of personal jurisdiction. See Rollet, 159 So. 3d at 356–57 (reversing and remanding with instructions to grant motion to dismiss complaint for lack of personal jurisdiction where plaintiff failed to rebut defendant's legally sufficient affidavit). This is so despite the complaint attaching the Florida choice of law and venue provision waiving jurisdictional objections. See Holton v. Prosperity Bank of St. Augustine, 602 So. 2d 659, 660 (Fla. 5th DCA 1992) (finding burden of showing jurisdiction not met where plaintiff did not rebut defendant's affidavit and such burden not satisfied by showing jurisdiction solely through a venue clause waiving jurisdictional challenges attached to the complaint).

That said, Greenbox contends we should affirm because we do not have a transcript of the motion to dismiss hearing, citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla.1979). This argument also

counter-affidavit. See, e.g., Frantin v. MVS Media Grp., LLC, 390 So. 3d 75, 78 (Fla. 3d DCA 2023) (affidavit stating residence in New York, does not conduct business, own any real property, and did not commit act within Florida found sufficient to shift burden).

misses the mark. We held on similar facts in <u>Rollet</u> that the absence of a counter-affidavit leaves no disputed issues of fact for the trial court to resolve, and thus "our *de novo* review is unimpeded by the absence of the hearing transcript." 159 So. 3d at 357. Accordingly, we are constrained to reverse and remand with instructions to dismiss the complaint for lack of personal jurisdiction.

## III.    CONCLUSION

In conclusion, Greenbox failed to allege sufficient jurisdictional facts in its complaint and failed to provide a counter-affidavit, or other sworn proof, in response to Sarai's affidavit in support of his motion to dismiss. Accordingly, we reverse and remand the denial of Sarai's motion to dismiss and remand with directions to dismiss Greenbox's complaint for lack of personal jurisdiction.

Reversed and remanded with instructions.